## MOLINARO v. NEW JERSEY

No. 663.   Decided January 19, 1970

*Burrell Ives Humphreys* for appellant.

PER CURIAM.

This case comes to the Court on appeal from the New Jersey state courts, which have affirmed appellant Molinaro's conviction for abortion and conspiracy to commit abortion.   We are informed by both appellant's counsel and counsel for the State that Molinaro, who was free on bail, has failed to surrender himself to state authorities.   His bail has been revoked, and the State considers him a fugitive from justice.   Under these circumstances we decline to adjudicate his case.

The Court has faced such a situation before, in *Smith* v. *United States,* 94 U. S. 97 (1876), and *Bonahan* v. *Nebraska,* 125 U. S. 692 (1887).   In each of those cases, which were before the Court on writs of error, the Court ordered the case removed from the docket upon receiving information that the plaintiff in error had escaped from custody.   In *Smith,* the case was dismissed at the beginning of the following Term.   See 18 Geo. Wash. L. Rev. 427, 430 (1950).   In *Bonahan,* the case was stricken from the docket on the last day of the Term in which it arose.   See also *National Union* v. *Arnold,* 348 U. S. 37, 43 (1954); *Eisler* v. *United States,* 338 U. S. 189 and 883 (1949); *Allen* v. *Georgia,* 166 U. S. 138

(1897). No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provision to the contrary in the statute under which Molinaro appeals, 28 U. S. C. § 1257 (2), we conclude, in light of the *Smith* and *Bonahan* decisions, that the Court has the authority to dismiss the appeal on this ground. The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time.

*It is so ordered.*

MR. JUSTICE DOUGLAS concurs in the result.