**UNITED STATES of America ex rel. Gerard A. BAILEY, Petitioner, Appellant,**

v.

**U. S. COMMANDING OFFICER OF the OFFICE OF the PROVOST MARSHAL, U. S. ARMY, etc., Respondent, Appellee.**

**No. 74–1023.**

United States Court of Appeals, First Circuit.

Heard April 2, 1974.

Decided May 15, 1974.

Mel L. Greenberg, Worcester, Mass., with whom Teshoian, Greenberg & Drapos, Worcester, Mass., was on brief, for petitioner, appellant.

Robert B. Collings, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for respondent, appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This petition for a writ of habeas corpus, seeking injunctive and declaratory relief from a specific Army regulation, the merits of which are irrelevant here, was filed the day after petitioner, who had been absent without authorization from the Army, entered military custody. While the present petition was pending in the district court, petitioner again absented himself without proper leave. The government filed a motion to dismiss, which was withdrawn when petitioner voluntarily returned to military custody. However, petitioner remained in custody for only one day, and thereafter again absented himself without leave. The government again filed a motion to dismiss. The district court, finding itself with ˌno jurisdiction, granted the government's motion.

The game of hide-and-seek continues. The government contends that it has no military facilities within the jurisdiction for confining petitioner, if and when he again returns to custody. Since he is not presently in custody, the government urges us to affirm the district court's dismissal of the petition. Petitioner is unwilling to return to custody unless the government places him on excess leave status, which the government is not willing to do. Petitioner contends, however, that he is "in custody" for the purpose of invoking the writ of habeas corpus.

28 U.S.C. § 2241(c) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States."

Although "habeas corpus is an extraordinary remedy" whose "use has been limited to a special urgency", and whose custody requirement "is designed to preserve the writ . . . as a remedy for severe restraints on individual liberty", Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973), the Supreme Court has found "custody" sufficient to invoke the use of the writ when a petitioner's freedom of movement lay within the discretion of the government, as when a petitioner is on parole, Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct.

373, 9 L.Ed.2d 285 (1962), awaiting trial on bail, Hensley, *supra,* or on military reserve status, Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972). Moreover, jurisdiction will attach if the petitioner is "in custody" at the time of filing, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), although subsequently released from confinement before trial. *See* Marchand v. Director, U. S. Probation Office, 421 F.2d 331 (1st Cir. 1970). Since the petition in the present case was filed when petitioner was in military custody to the extent that—although escape proved rather easy—his freedom of movement lay within the discretion of the government, it seems clear that jurisdiction attached. Meck v. Commanding Officer, Valley Forge Gen. Hosp., 452 F.2d 758 (3d Cir. 1971).

This does not exhaust the inquiry. It is possible that the case is moot. So held the court in Ragsdale v. Cameron, 117 U.S.App.D.C. 278, 329 F.2d 233 (1963), when a habeas petitioner seeking release from a mental hospital escaped. So speculated the court in United States ex rel. Rudick v. Laird, 412 F. 2d 16, 21 (2d Cir. 1969), when it said, "[I]t is doubtful whether a soldier who is absent without leave can be characterized as within the custody of any officer of the Armed Forces . . . ." It is true that in Carafas, *supra,* the Court held that the petition was not mooted by petitioner's release from confinement, since petitioner still had to endure the "collateral consequences" stemming from his custody, such as its effect upon his career and reputation. *See also* Matthews v. State of Florida, 463 F.2d 679 (5th Cir. 1972). Similarly, in Bratcher v. McNamara, 448 F.2d 222 (9th Cir. 1971), the court held that a potential recall to active duty presented an "adverse collateral consequence" sufficient to avoid mootness. It could be argued that the threat of arrest and return to custody might qualify as "adverse collateral consequences". But we confess that we have conceptual difficulty in equating the consequences flowing from the ille-

gal status which petitioner voluntarily entered with those of traditional custody where an individual is involuntarily but legally subject to restrictions on his liberty.

■ We need not, however, rule definitively on this issue for there is an equally compelling, if more rarely encountered, ground for affirmance. It is that petitioner has brought upon himself by his Janus-like conduct in seeking to invoke the processes of the law while flouting them a disentitlement "to call upon the resources of the Court for determination of his claims." Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); Allen v. Georgia, 166 U.S. 138, 141, 17 S.Ct. 525, 41 L.Ed. 949 (1897); United States v. Shelton, 482 F.2d 848, 849 (5th Cir. 1973); *cf.* Emma v. Armstrong, 473 F. 2d 656, 658 (1st Cir. 1973), cert. denied, 414 U.S. 870, 94 S.Ct. 87, 38 L.Ed.2d 88, (1973); United States v. Tremont, 438 F.2d 1202 (1st Cir. 1971).

Affirmed.