**John Christopher DOYLE, Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al.**

No. 80–2121.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1981.

Decided Nov. 6, 1981.

Certiorari Denied March 8, 1982.
See 102 S.Ct. 1636.

Jacob A. Stein, Washington, D. C., with whom William M. Hoiles, Washington, D. C. and Moses Krislov, Cleveland, Ohio were on the brief for appellant.

Jason D. Kogan, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., Royce C. Lamberth and Kenneth M. Raisler, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Before BAZELON, Senior Circuit Judge, MacKINNON and GINSBURG, Circuit Judges.

Opinion Per Curiam.

PER CURIAM:

Appellant Doyle is a fugitive from federal court processes. He was sentenced by the United States District Court for the District of Connecticut, and failed to appear for service of his sentence. On July 15, 1965, a bench warrant was issued for his arrest. Doyle is now a naturalized citizen and resident of the Republic of Panama. The district court held that while Doyle remains a fugitive from federal justice he may not call upon the resources of the court to adjudicate his claim, 494 F.Supp. 842 (D.D.C.1980). We agree and therefore affirm the district court's dismissal of Doyle's complaint.

Doyle asserts that, because his lawsuit is based on the Freedom of Information Act (FOIA), the court cannot close its door to him. Only Congress, not the judiciary, may establish exceptions to that Act's disclosure commands. *See Soucie v. David,* 448 F.2d 1067, 1076 (D.C. Cir. 1971). But the refusal to entertain Doyle's claim under the circumstances presented here is unrelated to the particular statute Doyle invokes. We note, however, that Doyle's FOIA request for all Department of Justice records concerning him is not devoid of a relationship to the sentence he is evading. Should Doyle present himself for service of the sentence lawfully imposed upon him, he would have full access to an appropriate federal forum to enforce any legitimate federal claims he may have. So long as he evades federal authority, however, it is the general rule

that he may not demand that a federal court service his complaint. *See Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

For the foregoing reasons, the judgment of the district court is hereby affirmed.