CONFORTE *v.* COMMISSIONER OF INTERNAL
REVENUE

No. A–584.   Decided January 12, 1983

JUSTICE REHNQUIST, Circuit Justice.

This controversy began when the Internal Revenue Service (IRS) issued tax deficiencies and penalties against applicant and his wife for the years 1973 through 1976.   The Confortes filed tax returns for the years in question stating a "net income," but without disclosing their gross income and deductions; they claimed these details would be incriminating.   Based on projections of income and expenses, the IRS determined that the Confortes had a greater tax liability than their "net income" revealed.

The Confortes petitioned to the Tax Court for a redetermination.   That court sustained the calculations made by the IRS.   74 T. C. 1160 (1980).   Pursuant to 26 U. S. C. § 7482 (1976 ed. and Supp. V), the Confortes appealed to the United States Court of Appeals for the Ninth Circuit.   On November 5, 1982, the Court of Appeals affirmed in part and re-

1310

versed in part as to Mrs. Conforte. 692 F. 2d 587. Applicant's appeal, however, was dismissed. Applicant seeks a stay of that dismissal.

The Court of Appeals found that applicant is a fugitive from justice for convictions on four counts of willfully attempting to evade federal employment taxes. See *United States* v. *Conforte*, 624 F. 2d 869 (CA9 1980). Relying on this Court's decision in *Molinaro* v. *New Jersey*, 396 U. S. 365 (1970) *(per curiam)*, the court held that as a fugitive from justice applicant should not be allowed to prosecute an appeal in the federal courts.

The court rejected applicant's argument that *Molinaro* only applies to appeals from criminal convictions. The court noted that "the rule should apply with greater force in civil cases where an individual's liberty is not at stake," 692 F. 2d, at 589, and cited a series of cases from the Courts of Appeals so holding. See *Doyle* v. *Department of Justice*, 215 U. S. App. D. C. 338, 668 F. 2d 1365 (1981) *(per curiam)*, cert. denied, 455 U. S. 1002 (1982); *Broadway* v. *City of Montgomery*, 530 F. 2d 657 (CA5 1976); *United States ex rel. Bailey* v. *Commanding Officer*, 496 F. 2d 324 (CA1 1974). The court also said it need not determine whether *Molinaro* would apply where the criminal conviction and the civil appeal are unrelated because here the issues of the two cases "are each related components of a general tax evasion scheme." 692 F. 2d, at 590. Finally, relying on its own decisions in *United States* v. *Wood*, 550 F. 2d 435 (1976), and *Johnson* v. *Laird*, 432 F. 2d 77 (1970), the court held that *Molinaro* is not limited to discretionary appeals.

The Court of Appeals did not leave applicant without recourse. The court ruled that "[i]f within 56 days he submits himself to the jurisdiction of the District Court of Nevada [the court from which he is a fugitive], he may move to reinstate his appeal." 692 F. 2d, at 590. With a three-day extension because of the New Year's Eve holiday, the 56 days expired on January 3, 1983. On the same day applicant filed

in this Court for a stay of the Court of Appeals' decision pending his filing of a petition for certiorari and our disposition of that petition.

Applicant argues that a stay should be granted because "the 56 day limitation will expire before the application for a writ of certiorari can be completed and filed." He maintains that should this Court deny his yet-to-be filed petition for certiorari he desires to have time remaining to comply with the Court of Appeals' directive. The 56 days expired on the day applicant filed for this stay. Except in extreme circumstances the Court generally is unable to provide same-day service. While it might be within our jurisdiction to grant a stay retroactively, an applicant detracts from the urgency of his situation where he makes a last-minute claim and offers no explanation for his procrastination.

Applicant may be injured if a stay does not issue. Assuming he files a petition for certiorari, unless we grant that petition and reverse the lower court the running of the 56 days will bar applicant from reinstating his appeal by surrendering to the authorities. A stay is appropriate, however, only where there is a reasonable possibility that four Justices of this Court will vote to grant certiorari. See *Houchins* v. *KQED, Inc.*, 429 U. S. 1341, 1344 (1977) (REHNQUIST, J., in chambers); *Graves* v. *Barnes*, 405 U. S. 1201, 1203 (1972) (POWELL, J., in chambers). I do not believe that a reasonable possibility exists here.[1]

In *Molinaro* v. *New Jersey*, *supra*, the Court said that while a litigant's status as a fugitive from justice "does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the [litigant] to call upon the resources of the Court for determination of his claims."

---

[1] While applicant alleges injury in his request for a stay, he does not set forth a legal argument on the merits. Thus, the application could be denied for applicant's failure to carry his burden of overcoming the presumptive correctness of the Court of Appeals' decision. *Whalen* v. *Roe*, 423 U. S. 1313, 1316 (1975) (MARSHALL, J., in chambers).

*Id.*, at 366. See also *Smith* v. *United States*, 94 U. S. 97 (1876). While this Court has never extended the "fugitive from justice" rule beyond the facts of *Molinaro* and *Smith* (*i. e.*, where the criminal conviction from which the litigant is a fugitive is the judgment being challenged on appeal), the court below correctly points out that the Courts of Appeals have done so on a number of occasions. Since we have denied certiorari in this type case in the past, I do not believe it likely that applicant's petition will be granted. See, *e. g.*, *Doyle* v. *Department of Justice, supra.*[2]

For these reasons the application is denied.

---

[2] Applicant's failure to seek a stay in the Court of Appeals provides an alternative ground for denial of the stay. "An application for a stay or injunction to a Justice of this Court shall not be entertained, except in the most extraordinary circumstances, unless application for the relief sought first has been made to the appropriate court or courts below, or to a judge or judges thereof." This Court's Rule 44.4. Applicant seeks to be excused from his failure to comply with this Rule, not because of any "extraordinary circumstances," but because, according to applicant, the Court of Appeals "has ruled that [he] has forfeited any right to seek relief from the judicial processes of" that court. To the contrary, the court found only that applicant could not pursue his civil appeal unless he turned himself in within 56 days.