Richard J. **BRIN**, Plaintiff,

v.

John O. **MARSH**, Jr., Secretary of the Army, Defendant.

Civ. A. No. 84–2516.

United States District Court, District of Columbia.

Nov. 5, 1984.

Ray L. Hanna and Nancy A. Murray of Barrett & Hanna, Washington, D.C., for plaintiff.

Mitchell R. Berger, Royce C. Lamberth, Asst. U.S. Attys.; Joseph E. diGenova, U.S. Atty., Washington, D.C., for defendant; Major Wayne Price, Office of the Judge Advocate General, Dept. of the Army, Washington, D.C., of counsel.

CHARLES R. RICHEY, District Judge.

### Introduction

In this case, plaintiff seeks mandamus to compel the Secretary of the Army (The Secretary) to discharge him from the military and to cause plaintiff to receive all retirement benefits to which he is entitled. The defendant seeks to dismiss the action on the ground that plaintiff is a fugitive and is, therefore, barred from access to this Court. Upon consideration of plaintiff's Complaint, defendant's Motion to Dismiss, plaintiff's opposition thereto, and defendant's reply, this Court grants defendant's motion.

### Background

Plaintiff, Richard J. Brin, has served approximately 23 years in the United States Army. Upon his request, he was scheduled to retire from the service on May 1, 1984. Shortly before this date, however, plaintiff was advised that he was under criminal investigation by the military police and that his date of retirement would have to be extended until the matter was resolved.

Plaintiff contends that on May 25, 1984, the criminal matter was completely disposed of when he accepted non-judicial punishment in the form of a letter of reprimand. Plaintiff argues that the Army was obligated, by its own regulations, to discharge him by May 31, 1984—five days after this final action. Nevertheless, plaintiff claims that he was subsequently coerced by his Commanding Officer to re-enlist in the Army. According to the plaintiff, his Commanding Officer threatened revocation of plaintiff's retirement benefits unless plaintiff re-enlisted.

After plaintiff re-enlisted, he was ordered to report to Fort Dix, New Jersey, and to remain there until June 30, 1984. On or about June 19, 1984, however, plaintiff left Fort Dix and has not since returned.

On July 12, 1984, plaintiff received notification that his retirement had been revoked and that he was to report to Fort Dix by July 13, 1984. Subsequently, plaintiff's attorney telephoned the Chief Warrant Officer at Fort Dix explaining that the Army had no authority to revoke plaintiff's retirement and to compel plaintiff to return to active duty. The Warrant Officer told plaintiff's attorney that the Army would agree not to apprehend or otherwise seek to detain plaintiff based upon plaintiff's attorney's representation that plaintiff would seek a judicial determination of plaintiff's military status. (Hanna aff.) Based upon this conversation, plaintiff's attorney told plaintiff not to return to Fort Dix.

On July 27, 1984, a court-martial charge was preferred against plaintiff for defrauding the United States of the amount of $2,053.70, in violation of 10 U.S.C. § 932. Thereafter, on August 20, 1984, a separate court-martial charge was preferred against plaintiff for absence without leave (AWOL), in violation of 10 U.S.C. § 886. These two charges have not yet been resolved, and the plaintiff is, apparently, still AWOL.

### I. *A Fugitive May Not Call Upon the Resources of the Court to Adjudicate His Claim.*

■■■ It is clear that while a plaintiff "remains a fugitive from federal justice he may not call upon the resources of the court to adjudicate his claim." *Doyle v. United States Department of Justice*, 668 F.2d 1365 (D.C.Cir.1981), *cert. denied*, 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982). *See also Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970); *Dawkins v. Mitchell*, 437 F.2d 646, 647 (D.C.Cir.1970). Although the issue of a fugitive's access to the federal courts usually arises in the context of criminal actions, a fugitive is barred from instituting civil litigation as well. This Circuit recently held that a fugitive from federal process could not call upon the resources of the federal courts to adjudicate his claim for documents under the Freedom of Information Act. *Doyle*, 668 F.2d at 1365. The Court stated:

> Should [plaintiff] present himself for service of the sentence lawfully imposed upon him, he would have full access to an appropriate federal forum to enforce any legitimate federal claims he may have. So long as he evades federal authority, however, it is the general rule that he may not demand that a federal court service his complaint. *See Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1980).

668 F.2d at 1365–66.

In a case factually similar to the present case, the Court of Appeals for the First Circuit upheld the dismissal of a petitioner's suit. *United States v. U.S. Commanding Officer*, 496 F.2d 324, 326 (1st Cir.1974). The petitioner there was an AWOL soldier who sought "injunctive and declaratory relief from a specific Army regulation." *Id.* at 325. The court stated that the merits of the case were irrelevant, *id.*, and went on to hold that:

> There is an equally compelling, if more rarely encountered, ground for affirmance. It is that petitioner has brought upon himself by his Janus-like conduct in seeking to invoke the processes of the law while flouting them a disentitlement "to call upon the resources of the Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

*Id.* at 326.

### II. *Plaintiff Is a Fugitive.*

The declaration of Sgt. Doyle E. Coffinger at the United States Army National Crime Center states that plaintiff is officially listed as being a deserter from the U.S. Army and that a federal fugitive warrant has been issued for him.

■■■ Nevertheless, plaintiff argues that he is not a fugitive as that term is commonly understood. The Court disagrees. Plaintiff is presently the subject of two court martial charges and a warrant has been issued for his arrest. Moreover, he is still at large in the community. This case

is indistinguishable from *United States v. U.S. Commanding Officer, supra.* Under these circumstances, the Court is compelled to find that plaintiff is a fugitive and his suit must, therefore, be dismissed.

■ At this point in time, plaintiff's remedies, if any, lie within the sole jurisdiction of the military. Therein lies "the appropriate federal forum to enforce any legitimate federal claims he may have." *Doyle*, 668 F.2d at 1365. If plaintiff is still aggrieved subsequent to the final decisions of the military, he *may* have a remedy in the federal Article III Courts.

Accordingly, based on the foregoing, it is by the Court this 5th day of November, 1984;

ORDERED, that the above-entitled cause be, and the same is hereby dismissed.