UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 760 S.W. 1st STREET, MIAMI, FLORIDA, Defendant.

No. C–C–88–37–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Jan. 6, 1989.

---

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Robert Alan Rosenblatt, P.A., Miami, Fla., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss claim of Fernando Lopez. For the reasons stated below, Plaintiff's Motion will be granted.

This case arises on a Complaint for Forfeiture in Rem filed on January 22, 1988 praying the Court for forfeiture of the Defendant property under the provisions of Title 21, Sec. 881 of the U.S. Code and under the supplementary Rules for Admiralty and Maritime Claims.

The Complaint alleges that in an indictment filed June 2, 1987 the Grand Jury for the Western District of North Carolina charged Fernando Lopez with conspiring with over ten others in possessing with intent to distribute and distributing in excess of one kilogram of cocaine, a Schedule II narcotic controlled substance in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Lopez was charged with having been actively involved in moving approximately 150 kilograms in the period from the summer of 1979 to approximately August 1986, and supplying multi-kilogram quantities to others in the conspiracy for redistribution in Charlotte, North Carolina and elsewhere in the Western District of North Carolina.

The Complaint in this civil action alleges that Lopez purchased various pieces of real estate including Defendant property for $253,500.00, in addition to purchasing certificates of deposit in six figure amounts and opening a demand checking account for $210,000.00, during that time period.

Defendant has not been arrested as of the date of this Order.

Plaintiff's grounds for its Motion to Dismiss Fernando Lopez's claims are two:

(1) That Sandra Lopez signed the Amended Verified Claim pursuant to a power of attorney and that since Fernando Lopez did not make a statement under oath or solemn affirmation as is required by Admiralty Rule C(6) there is no valid claim in his name.

(2) That Fernando Lopez as a fugitive is barred by the dis-entitlement doctrine originally established in *Molinaro v. New Jersey*, 396 U.S. 365 [90 S.Ct. 498, 24 L.Ed.2d 586] (1970).

The Court will consider the second ground first. The definition of a "fugitive" is "one who flees; used in criminal law with the implication of a flight, evasion, or escape from arrest, prosecution, or imprisonment" *Black's Law Dictionary*, 5th Ed. (1979).

The process to be served on Fernando Lopez in this case was returned unexecuted with the following notation:

Endeavor; 3/18/88 3:30 PM spoke w/ Sandra Lopez (wife of Fernando Lopez) at her business (Sposa Italia, 5701 Sunset Dr., S. Miami, Fl 33143 ph 305–661–9899). Sandra Lopez stated she had not seen her husband for 1 yr., has no idea where he is, & believes he is a fugitive.

This is apparently a case of first impression in the Fourth Circuit. It is true that Fernando Lopez has not been convicted. However, he is a fugitive; *i.e.,* he has escaped from arrest. It is noteworthy that even though his wife on March 18, 1988

told the Marshal she had not seen her husband for over a year and had no idea where he is, that Fernando apparently executed the power of attorney to her approximately ten months before that date and only two weeks before his indictment by the Grand Jury.

As pointed out in *United States v. $45,940 in United States Currency*, 739 F.2d 792 (2d Cir.1984):

> The Supreme Court has never extended *Molinaro* to civil matters relating to the criminal fugitive. Recently, Justice Rehnquist, acting as Circuit Justice, in refusing to stay the applicant's dismissal in *Conforte v. C.I.R.*, 692 F.2d 587, 589–90 (9th Cir.1982) stated that "[w]hile this Court has never extended the 'fugitive from justice' rule beyond the facts of *Molinaro* and *Smith* [*v. United States*, 94 U.S. (4 Otto) 97, 24 L.Ed. 32 (1876)] (i.g., where the criminal conviction the litigant is a fugitive from is the judgment being challenged on appeal) [sic], the court below correctly points out that the Courts of Appeals have done so on a number of occasions. Since we have denied certiorari in this type case in the past, I do not believe it likely that applicant's petition will be granted. *See e.g., Doyle v. Department of Justice*, [668 F.2d 1365 (D.C.Cir.1981) (per curiam), *cert. denied*, 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982)]." *Conforte v. C.I.R.*, 459 U.S. 1309, 103 S.Ct. 663, 664, 74 L.Ed.2d 588 (1983).

> In *Doyle v. Department of Justice, supra*, the appellant failed to appear for service of his sentence. A bench warrant was issued for his arrest. Doyle then filed suit under the Freedom of Information Act seeking all Department of Justice records concerning him. The court affirmed the dismissal of Doyle's civil complaint and noted that so long as Doyle "evades federal authority .. he may not demand that a federal court service his complaint." *Id.* at 1365–66 (citing *Molinaro, supra*). In *Broadway v. City of Montgomery, Alabama*, 530 F.2d 657 (5th Cir.1976) the plaintiff sought damages from an alleged illegal wiretap installed by defendant's police officers. The district court granted defendant's motion for summary judgment. The circuit court affirmed because "John L. Broadway, being a fugitive from justice, is not entitled to call on the resources of an appellate court for a determination of his case." *Id.* at 659 (citing *Molinaro, supra*). In *United States Ex Rel. Bailey v. U.S. C.O. of P.M., U.S. Army*, 496 F.2d 324 (1st Cir.1974), a petitioner for a writ of habeas corpus sought relief from an Army regulation, although absent without leave and not in custody. The Court affirmed the district court's dismissal of the action on the basis that petitioner could not "invoke the processes of the law while flouting them ... [and] 'call upon the resources of the Court for determination of his claims.'" *Id.* at 326 (quoting *Molinaro, supra*). Thus, the District of Columbia, the Fifth and the First Circuits have extended *Molinaro* to civil lawsuits where the appellant is a fugitive in a related criminal matter.

Fernando Lopez fits the definition of a fugitive, and so long as he fails to submit to the jurisdiction of this Court in his criminal case, he may not demand to use the resources of this Court in a civil action to claim property which the Government alleges was obtained by "tainted money."

The dismissal of Fernando Lopez's claim does not prevent the other claimants, including Sandra Lopez from pursuing their claims.

Having determined that Fernando Lopez's claim must be dismissed because he is a fugitive, the Court need not rule on the first ground urged by Plaintiff.

NOW, THEREFORE, IT IS ORDERED that Plaintiff's Motion to Dismiss the claim of Fernando Lopez in this action is GRANTED.