868 F.2d 1214
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE PARCEL OF REAL ESTATE AT 7707 S.W. 74TH LANE, MIAMI,
DADE COUNTY, FLORIDA, together with all
appurtenances thereto and improvements
thereon, Defendant,
William Moncada, Claimant-Appellant.
 No. 88-5450.
 United States Court of Appeals,
Eleventh Circuit.
 March 28, 1989.
 
 Irwin G. Lichter, Miami, Fla., for claimant-appellant.
 Dexter W. Lehtinen, U.S. Atty., Peter Prieto, Linda Collins Hertz, Harriet Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before KRAVITCH and HATCHETT, Circuit Judges, and MARKEY*, Chief Circuit Judge.
 KRAVITCH, Circuit Judge:
 
 
 1
 In this appeal we conclude that the "fugitive from justice doctrine" that the Supreme Court first articulated in the context of criminal appeals, Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), also applies to civil in rem forfeiture actions. We affirm the district court's orders dismissing the claim of appellant William Moncado and entering final judgment of forfeiture.
 
 I.
 
 2
 On December 5, 1986 the United States filed a complaint in the district court for forfeiture of one parcel of real estate located at 7707 S.W. 74th Lane, Miami, Dade County, Florida. The basis of the government's action was that the defendant real property had been used to facilitate the commission of a violation of 21 U.S.C. Sec. 841(a)(1),[1] punishable by more than one year imprisonment, and therefore 21 U.S.C. Sec. 881(a)(7)[2] authorized the civil in rem forfeiture action. Essentially the government alleged that Douglas Robert Espinosa, acting on his own behalf or on behalf of appellant delivered narcotics proceeds in excess of $400,000 as payment for the transportation of cocaine into the United States at the defendant real property on two different occasions.
 
 
 3
 The United States Marshal seized the defendant property on February 23, 1987. On March 10, 1987 the government published notice that the defendant real property had been seized and was subject to forfeiture.
 
 
 4
 On March 5, 1987 appellant Moncado, the record owner of the property, through his lawyer filed a claim to the property and an answer to the forfeiture complaint. Appellant currently resides in Colombia.
 
 
 5
 The government informed the district court on April 24, 1987 that appellant had been indicted for narcotics trafficking in violation of 21 U.S.C. Secs. 841(a)(1) and 846 and a warrant for his arrest had been issued. The district court then stayed all proceedings in the civil in rem forfeiture on May 6, 1987. The district court ruled that it would not permit appellant to litigate his claim in the civil in rem forfeiture action while at the same time he was avoiding criminal prosecution in the United States. The district court gave appellant until August 7, 1987 to decide whether to pursue his claim in the forfeiture action. On August 20, 1987 appellant, again acting through his lawyer, notified that district court that he would not appear personally in the forfeiture action.
 
 
 6
 On October 21, 1987 the government moved to dismiss appellant's claim. The government argued that as a fugitive from justice appellant could not use the judicial process to contest the forfeiture action. The district court granted the government's motion to dismiss.
 
 
 7
 After settling a claim against the defendant real property raised by a bank that held a mortgage on the property, the government and the bank jointly moved for an order adopting the stipulation of settlement and for entry of judgment of forfeiture. On April 18, 1988 the district court approved of the settlement stipulation, and entered a judgment of forfeiture against the defendant real property. The district court incorporated its previous ruling that appellant, as a fugitive from justice, could not contest the forfeiture.
 
 II.
 
 8
 In Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Supreme Court ruled that an appellate court could dismiss the appeal from a criminal conviction if the defendant-appellant has become a fugitive from justice. In so ruling the Court observed that although the claim presented may be justiciable, the flight from justice "disentitles the defendant to call upon the resources of the Court for determination of his claim."
 
 
 9
 This court has long recognized that the fugitive from justice doctrine is not limited to criminal appeals. We have applied the fugitive from justice doctrine to a civil appeal when it relates to the underlying criminal conviction from which the appellant has fled. Broadway v. City of Montgomery, 530 F.2d 657 (5th Cir.1976) (fugitive from justice "not entitled to call on the resources of an appellate court"). Similarly, we have applied the fugitive from justice doctrine in affirming a district court's dismissal of a petition to review a tax assessment. Schuster v. United States, 765 F.2d 1047 (11th Cir.1985) (fugitive from justice not entitled to maintain suit for review of tax assessment that is related to the criminal prosecution from which she is a fugitive). Cf. Doyle v. Department of Justice, 668 F.2d 1365 (D.C.Cir.1981) (Freedom of Information Act case), cert. denied, 455 U.S. 1002, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982); Conforte v. Commissioner, 692 F.2d 587 (9th Cir.1982) (tax deficiency assessment);[3] United States ex rel. Bailey v. United States Commanding Officer, 496 F.2d 324 (1st Cir.1974) (military disciplinary regulation).
 
 
 10
 We believe that Broadway and Schuster state the proper rule for civil in rem forfeiture actions as well. Accord United States v. $129,374, 769 F.2d 583 (9th Cir.1985), cert. denied sub nom. Geiger v. United States, 474 U.S. 1086, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986); United States v. $45,940, 739 F.2d 792 (2d Cir.1984).[4] The in rem forfeiture action against the defendant real property is unquestionably related to the appellant's indictment for drug trafficking. By fleeing from justice appellant has disentitled himself from invoking the judicial process in the civil forfeiture action. Thus, the district court was correct in dismissing appellant's claim.
 
 
 11
 Appellant contends that our rule is unjust and unfair. First, appellant argues that the government has not shown the factual predicate for forfeiture, i.e., the use of the property for the distribution of a controlled substance. Appellant argues that at the least the court must take testimony and make a finding of probable cause that the allegations in the forfeiture complaint were true. Appellant, however, does not fully grasp the meaning of the fugitive from justice doctrine. As the Second Circuit has observed, the fugitive from justice has "waived his right to due process in the civil forfeiture proceeding." United States v. $45,940, 739 F.2d 792, 798 (2d Cir.1984) (applying fugitive from justice doctrine and affirming judgment on pleadings in civil forfeiture action). By his own actions as a fugitive the appellant has disentitled himself from raising objections such as this to the forfeiture. The only claimant properly before the district, the bank that held the mortgage on the property, stipulated that the government had probable cause. Thus, we hold that the district court did not err when it entered judgment of forfeiture in what was, by operation of the fugitive from justice doctrine, essentially an uncontested action. Cf. United States v. $3,817.49, 826 F.2d 785 (8th Cir.1987) (default judgment in forfeiture action); United States v. Beechcraft Queen Airplane, 789 F.2d 627 (8th Cir.1986) (same).
 
 
 12
 Appellant also argues that the rule we apply in this case is unfair because, although appellant is owner of record, there "may be" others with an interest in the real property, such as appellant's wife or other members of the family. At oral argument, however, appellant's counsel could offer no specific interest held by another person. We note that nothing in our decision here would prevent the raising of a claim in a forfeiture proceeding by anyone other than a fugitive from justice.[5] Moreover, appellant himself can remedy any hardship by simply submitting himself to the authority of the courts.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Howard T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 21 U.S.C.A. Sec. 841 provides in part as follows:
 (a) Unlawful acts
 Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
 (a)(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;
 
 
 [2]
 21 U.S.C.A. provides in part:
 Sec. 881. Forfeitures
 (a) Property subject
 The following shall be subject to forfeiture to the United States and no property right shall exist in them:
 (7) All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.
 
 
 [3]
 In denying a petition for a stay pending filing for petition of certiorari, then-Justice Rehnquist as Circuit Justice observed that "[w]hile this Court has never extended the 'fugitive from justice' rule beyond the facts of Molinaro and Smith [v. United States, 94 U.S. 97, 24 L.Ed.2d 32 (1876) ] (i.e., where the criminal conviction the litigant is a fugitive from is the judgment being challenged on appeal), the court below correctly points out that the Courts of Appeals have done so on a number of occasions." Conforte v. Commissioner, 459 U.S. 1309, 103 S.Ct. 663, 74 L.Ed.2d 588 (1983)
 
 
 [4]
 We note, however, that the Sixth Circuit has come to the contrary conclusion. United States v. $83,320, 682 F.2d 573 (6th Cir.1982)
 
 
 [5]
 We hasten to add, however, that the fugitive from justice doctrine will also disable any claim or defense that is solely derivative of the fugitive's claim. See United States v. $129,374, 769 F.2d 583 (9th Cir.1985), cert. denied sub nom. Geiger v. United States, 474 U.S. 1086, 106 S.Ct. 863, 88 L.Ed.2d 901 (1986) (applying fugitive from justice doctrine in civil in rem forfeiture action to claim raised by conservator of fugitive's estate)