**UNITED STATES of America**

v.

**Edmund M. HURLEY, David T. Gorwitz, Salvatore M. Caruana, Charles R. Burnett, Rubie M. Nottage, Kendal W. Nottage, Joseph J. Balliro.**

**Cr. No. 89–0068–H.**

United States District Court,
D. Massachusetts.

Jan. 4, 1990.

Robert L. Ullmann, for U.S.

Albert F. Cullen, Jr., Cullen & Butters, Boston, Mass., for Edmund Hurley.

George F. Gormley, Gormley & Keefe, Boston, Mass., for David Gorwite.

Anthony M. Cardinale, Boston, Mass., for Charles Burnett.

Richard M. Egbert, Earle C. Cooley, Cooley, Manion, Moore & Jones, P.C., Boston, Mass., for Joseph Balliro.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The Government's Motion to Disqualify an attorney raises the question whether a fugitive who has been indicted, but who has not submitted to the jurisdiction of the Court, and whose attorney of record is an indicted co-defendant, forfeits the right to assert an attorney-client privilege regarding documents seized by the government which are to be used in the case against the attorney; and, whether, if the fugitive-defendant does not forfeit that right, whether a new attorney is competent to assert the privilege on the fugitive's behalf, in his absence.

The government's position is that the fugitive, Defendant Salvatore "Mike" Caruana, should be stripped of all legal representation regarding the assertion of an attorney-client privilege due to his fugitive status. The government also maintains that Caruana's attorney, Co–Defendant Joseph Balliro [1], may not assert any privilege in Caruana's absence because of the attorney's inherent conflict of interest regarding the documents in question. The government argues further that no other attorney is competent to represent Caruana's interest because, in his absence, there is no opportunity for a new attorney to consult with Caruana, the holder of the privilege, on matters of legal strategy.

The attorney-client privilege is the most fundamental of all legal relationships and any interference with or disruption of that relationship should be exercised only under extraordinary circumstances. The privilege is the root of a just and orderly judicial process and courts must be vigilant in sustaining it and shielding it from encroachment. That the holder of the privilege is a fugitive is not in itself sufficient to deny the client the right to assert it. *See generally, In Re Grand Jury Subpoena Duces Tecum*, 391 F.Supp. 1029, 1034 (S.D.N.Y.1975). The so-called "fugitive disentitlement doctrine," as espoused in *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam) (appeal of criminal defendant who fled after conviction should be dismissed); *United States v. Puzzanghera*, 820 F.2d 25, 26 (1st Cir.), *cert denied*, 484 U.S. 900, 108 S.Ct. 237, 98 L.Ed.2d 195 (1987) (same); *United States ex rel. Bailey v. United States Commanding Officer of Office of Provost Marshal, U.S. Army*, 496 F.2d 324, 326 (1st Cir.1974) (dismissal of a fugitive's habeas corpus petition), has never been applied to deprive one of the right to assert the fundamental relationship of our legal system as the attorney-client privilege.

There is at present no actual conflict of interest in the case on the merits, as Defendant Caruana is not personally before the Court. Moreover, Mr. Balliro is willing to withdraw as Caruana's attorney for the purposes of asserting the attorney-client privilege in this case, although, as he correctly notes, he is duty-bound to assert the privilege in his client's absence while he is the attorney of record, and is willing to transfer this aspect of his representation to Attorney Francis J. DiMento.

The government complains that Mr. DiMento is incompetent to represent the interest of a client with whom there is no opportunity to consult. Under ordinary circumstances this would be a compelling ar-

---

**1.** The Government also seeks to disqualify defendant Charles R. Burnett. Mr. Burnett has not attempted to represent Mr. Caruana in this action, and the Court will therefore take no action on his representation at this time.

**68**

gument, although, in this case, to reject the option of alternative representation might leave Mr. Caruana without any representation at all, an action the Court shall not accept.

After consideration of the matter, the Court denies the Government's Motion to Disqualify Attorney Joseph Balliro on condition that he transfer his representation of the fugitive-defendant Caruana to Attorney DiMento for the sole purpose of asserting the attorney-client privilege on behalf of Defendant Caruana regarding the documents in question. The resolution of the attorney-client privilege will be handled by Attorney DiMento in an ancillary proceeding prior to trial and neither Attorney Balliro nor Attorney DiMento will represent Caruana during the case-in-chief, as Caruana has not submitted to the jurisdiction of the Court for a resolution of his rights on the merits of the criminal prosecution.