**November 15, 1990**

405

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN RE THE MATTER OF )
 )
"C.T.M.," )
 )
A Minor Child. )
 )

APPEAL NO. 90-038
JUVENILE CASE NO. 90-06

ORDER DENYING MOTION TO
DISMISS

The government moves to dismiss the appeal of the above-styled juvenile case on the ground that we lack jurisdiction. The government argues that we lack jurisdiction because (1) the juvenile has absented himself from our jurisdiction, and (2) he has failed to exhaust his administrative remedies pursuant to Rule 8 of the Commonwealth Rules of Juvenile Delinquency Procedure.[1] For the reasons stated below, we deny the government's motion.

ABSENCE FROM JURISDICTION

The government relies on the legal principle that "an individual who seeks to invoke the processes of the law while flouting them has no entitlement 'to call upon the resources of the

---

[1] "All orders issued in juvenile delinquency proceedings shall be subject to amendment, modification, and recission [sic] by the court which issued them at any time that the court deems the best interests of either the child or the public so require."

Court for determination of his claims.'" *Conforte v. Commissioner of Internal Revenue*, 692 F.2d 587, 589 (9th Cir. 1982), stay denied, 459 U.S. 1309, 103 S.Ct. 663 (1983). The *Conforte* case followed *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), and extended the legal principle from criminal cases to civil cases. The *Conforte* case further expanded *Molinaro* by holding that the legal principle was not limited to discretionary appeals.

While we agree with the legal principle enunciated in *Conforte*, we determine that the facts of this case makes such principle inapplicable. In all of the federal cases cited by the government (both criminal and civil cases), the persons flouting the law were fugitives from justice. The California case of *Hull v. Superior Court*, 352 P.2d 161 (Cal. 1960) involved a person who allegedly failed to comply with an agreement incorporated into an interlocutory divorce decree.

The juvenile in this appeal is not a fugitive from justice, and his travel to Guam complies with a court order. In fact, as admitted by the government in its moving papers and at the hearing, the juvenile is outside the jurisdiction of the Commonwealth by permission of the trial court. The order of the trial court specifically stated that the juvenile may attend school on Guam. At the hearing, it was stated that the family of the juvenile permanently reside on Saipan, and that the juvenile's absence is only temporary.

407

The government argues that if we should reverse the decision of the trial court, and should the government decide to re-file juvenile proceedings against the juvenile, the government would not be able to do so since the juvenile would be on Guam and therefore outside the jurisdiction of our courts.

We do not follow such an argument. We do not see the need for the re-filing of juvenile proceedings against the juvenile in the event that we reverse and vacate the adjudication of delinquency. If we reverse and vacate such adjudication, we can remand the case to the trial court with instructions to hold a hearing using the correct standard of proof. In this way, the trial court would not have lost the jurisdiction it properly acquired at the beginning of the case. See 20 Am.Jur.2d, Courts §§ 147 & 148 (1965).

## EXHAUSTION OF REMEDIES

While we agree with the government that Rule 8 of the Commonwealth Rules of Juvenile Delinquency Procedure is available to a juvenile after an adjudication of delinquency, it is not the only remedy available. 6 CMC § 5106 states that

> An adjudication in juvenile delinquency proceedings and all orders in connection with the adjudication shall be subject to appeal as in civil actions, except that no filing fees are required.

This statutory provision clearly gives a juvenile the right to appeal a final adjudication of delinquency.

In view of the government's November 2, 1990, Statement of Counsel, we will issue our opinion in this appeal without oral

arguments.

<u>ORDER</u>

It is hereby **ORDERED** that the government's motion to dismiss for lack of jurisdiction is **DENIED**.

Dated on Saipan, MP this *15th* day of November, 1990.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice

Jesus C. Borja
Associate Justice