**Raymond GRIFFIN a/k/a Bernard Baynes, Jr., Plaintiff,**

v.

**CITY OF NEW YORK CORRECTIONAL COMMISSIONER, et al., Defendants.**

No. 90 CV 1073 (FB).

United States District Court,
E.D. New York.

April 11, 1995.

---

Raymond Griffin, East Elmhurst, NY, pro se.

Paul A. Crotty, Corp. Counsel, City of New York (Louise Lippin, of counsel), New York City, for defendants.

## MEMORANDUM AND ORDER

BLOCK, District Judge:

On March 28, 1990, plaintiff Raymond Griffin ("Griffin") brought this action pursuant to 42 U.S.C. § 1983 against prison and hospital officials due to their alleged failure to provide prompt and adequate medical treatment for his alleged health problems, which Griffin claims constitutes "cruel and unusual punishment." For the reasons more fully set forth below, Griffin's complaint is dismissed because he is a fugitive from justice.

## I.

## BACKGROUND

On April 6, 1992, this Court (Nickerson, J.), granted Griffin's application for appointment of *pro bono* counsel. Copies of this order were forwarded to Griffin at his last known address but were returned with the notation: "Inmate says contents do not belong to him."

Upon transfer of this case to the undersigned on November 29, 1994, the Court undertook an extensive search to locate Griffin. The fruits of that search brought disturbing news: Griffin is a fugitive from justice. According to the Senior Parole Officer from the Absconder Search Unit of the State of New York, "Mr. Griffin was released from Altona Correctional Facility on [November 2, 1992] to Parole supervision ... [but] stopped reporting to his Parole Officer on [August 17, 1994]." Letter from H. Gene Washington, Senior Parole Officer, Absconder Search Unit, State of New York (Feb. 7, 1995). On September 28, 1994, an absconder warrant was issued for Griffin's arrest. *Id.*

## II.

## DISCUSSION

In *Bar–Levy v. United States Dept. of Justice, Immigration and Nat. Serv.*, 990 F.2d 33, 35 (2d Cir.1993), the Second Circuit stated that "[i]t is well established that courts have the authority to dismiss criminal appeals when their jurisdiction is invoked by a fugitive from justice." The court identified four rationales underlying such a policy:

First, a decision respecting a fugitive is effectively unenforceable because the fugitive is beyond the control of the court.... Second, loss of appellate review is appropriate because the fugitive flouts the judicial process by escaping.... Third, a rule of dismissal has the salutary effects of discouraging escape and promoting the efficient operation of the appellate courts.... Fourth, the delay occasioned by the period of a defendant's flight can prejudice the prosecution should a new trial be ordered after a successful appeal.

*Id.* (*quoting United States v. Persico*, 853 F.2d 134, 137 (2d Cir.1988)).

The *Bar–Levy* court made clear that the fugitive from justice rule applies to civil cases: "We have extended the fugitive from justice rule to civil cases in which the appellant is a fugitive in a criminal matter." *Id.* (*citing United States v. $45,940 in U.S. Currency*, 739 F.2d 792, 796–98 (2d Cir.1984)). Other courts also have invoked the rule in civil actions. *See Conforte v. Commissioner of Internal Revenue*, 459 U.S. 1309, 1312, 103 S.Ct. 663, 664–65, 74 L.Ed.2d 588 (1983) ("While this Court has never extended the 'fugitive from justice' rule beyond ... facts ... where the criminal conviction the litigant is a fugitive from is the judgment being challenged on appeal[ ], the court below cor-

rectly points out that the Courts of Appeals have done so on a number of occasions").

The principles underlying the fugitive from justice rule have been applied to dismiss section 1983 actions. In *Ali v. Sims*, 788 F.2d 954, 958–59 (3d Cir.1986), for example, the Third Circuit vacated a section 1983 judgment in favor of the plaintiff and, it stated, would have normally remanded the action for a new trial but for the fact that the plaintiff became a fugitive from justice in the interim. Instead, the court noted:

> [T]he articulated basis of [the Supreme Court's decision in] *Molinaro* [*v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) ] is that the fugitive from justice has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim. Practical concerns are congruent with this consideration. Particularly in this age of overcrowded dockets and court backlogs, it is unreasonable to expect a court to expend its scarce resources on one who has blatantly disregarded the court's procedures.

*Ali*, 788 F.2d at 958–59. *See also Broadway v. City of Montgomery, Alabama*, 530 F.2d 657, 659 (5th Cir.1976) ("John L. Broadway, being a fugitive from justice, is not entitled to call on the resources of an appellate court for a determination of his [section 1983] case"); *Seibert v. Johnston*, 381 F.Supp. 277, 280 (E.D.Okla.1974) ("It is the Court's view that in a [section 1983] civil rights case when plaintiff escapes from the institution to which he has been confined ... he is ... disentitled to 'call upon the resources of the Court for determination of his claims' ").

Here, Griffin, like the plaintiffs in the above-cited cases, has "flout[ed] the judicial process by [absconding]." Any order of the Court, whether involving discovery, pre-trial motions or the trial itself, would be "effectively unenforceable because [Griffin] is beyond the control of the court." His unknown whereabouts would doubtlessly frustrate the efforts of appointed *pro bono* counsel to communicate with his client and represent Griffin's interests. In light of the "salutary effects of discouraging escape," the backlog of civil cases, scarce judicial resources, the limited number of volunteer lawyers, and the

principles underpinning the fugitive from justice rule, the Court hereby **VACATES** the order appointing *pro bono* counsel and **DISMISSES** the complaint in its entirety.

**SO ORDERED.**