OPINION
PER CURIAM.
Charles J. Sechler filed this pro se petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 seeking an order compelling the District Court to appoint counsel of his choice and to explain why he has not been allowed access to his current, court-appointed counsel. He also asks this Court to (1) send him his case file so he may proceed pro se, (2) order his current counsel to explain why she has refused to represent him since he absconded, and (3) make an information request on his behalf. For the reasons that follow, we will dismiss the petition.
In 2007, Sechler was convicted of drug-related charges by a jury in the United States District Court for the Middle District of Pennsylvania, but he fled to Canada before he was sentenced. Sechler was arrested by Canadian authorities in 2008 and detained. It appears that Sechler claimed refugee status, which was denied, and that a deportation order was issued in March 2008. It also appears that, to date, he remains in detention in Canada. In the meantime, the criminal case is at a standstill: the District Court has not sentenced Sechler in absentia and it appears from correspondence on that court’s docket that it does not intend to move forward until Sechler returns to the jurisdiction. In November 2009, Sechler filed a mandamus petition with this Court, seeking the aforementioned relief. It appears that he is frustrated by what he deems his court-appointed counsel’s “refusal to represent [him] in any capacity in the District Court” since he fled to Canada.
The threshold question presented in this case is whether we should entertain Sech-ler’s petition for mandamus relief regarding his criminal trial when he absconded during that trial and remains beyond the jurisdiction of the trial court. The Supreme Court has recognized that courts have the power to dismiss a fugitive’s criminal appeal. See Molinaro v. New Jersey, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (a fugitive’s escape “disentitles the defendant to call upon the resources of the Court for determination of his claims”). The so-called fugitive disen-titlement doctrine does not, however, automatically disqualify a criminal fugitive *862 from maintaining a civil action in federal court. See Degen v. United States, 517 U.S. 820, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996) (holding that a district court could not apply the doctrine to refuse a criminal fugitive’s answer in a related civil forfeiture case). In general, dismissal of a civil action under the doctrine is appropriate where there is a sufficient connection between the fugitive status and the civil action, and where the dismissal animates the concerns underlying the doctrine. See Barnett v. YMCA, Inc., 268 F.3d 614, 618 (8th Cir.2001).
In this case, dismissal is appropriate for several reasons. First, there is a direct connection between Sechler’s fugitive status and his mandamus petition. Sechler fled during his criminal trial and, consequently, the trial stopped, yet he is attempting to gain the means to continue to litigate via mandamus relief. Second, although entertaining Sechler’s petition may not be a direct affront to the dignity of this Court, it is an affront to the dignity of the District Court because Sechler is attempting to circumvent and flout the authority of that court, which has decided to halt proceedings until he returns to its jurisdiction. Cf. United States v. Awadalla, 357 F.3d 243, 246 (2d Cir.2004) (noting that the Degen Court’s rationale that a criminal defendant should not be sanctioned by one court for his affront to another has no application in criminal appeals). Finally, dismissal is not an excessively harsh sanction. See Degen, 517 U.S. at 829, 116 S.Ct. 1777; Maydak v. United States Dep’t of Educ., 150 Fed.Appx. 136, 138 (3d Cir. 2005). Regarding Sechler’s requests related to representation, the District Court and Sechler’s attorney have made clear that both his trial and representation by court-appointed counsel will resume once he returns to the court’s jurisdiction. As for his demand that this Court file an information request on his behalf, relief in that form is not available through a petition for a writ of mandamus under 28 U.S.C. § 1651. And, in any event, Sechler may make the requests himself to the appropriate agencies under the Freedom of Information Act, 5 U.S.C. § 552 et seq. (2006), and Pennsylvania’s Right-to-Know Law, 65 P.S. § 67.101, et seq. (2009). Accordingly, we will dismiss Sechler’s petition for a writ of mandamus.