**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA YUAN,<br><br>                Plaintiff - Appellant,<br><br>   v.<br><br>CITY OF LOS ANGELES, public entity;<br>et al.,<br><br>                Defendants - Appellees. | No. 12-55501<br><br>D.C. No. 2:10-cv-01453-RSWL-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Lisa Yuan appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging violations of her civil rights in connection with

her arrest and prosecution on misdemeanor criminal charges.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's decision to dismiss under the fugitive disentitlement doctrine. *United States v. $6,190.00 in U.S. Currency*, 581 F.3d 881, 884 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion by dismissing Yuan's action because the record showed that Yuan has a pending state criminal case and is a fugitive from justice. *See Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) (holding that a fugitive is disentitled from calling upon the resources of the court for determination of their claims); *see also $6,190.00 in U.S. Currency*, 581 F.3d at 886 (applying fugitive disentitlement doctrine to fugitives from state proceedings); *Conforte v. Comm'r*, 692 F.2d 587, 589-90 (9th Cir. 1982) (extending the fugitive disentitlement doctrine to civil proceedings).

Yuan's remaining contentions concerning an alleged fraud by the district court, her alleged entitlement to a declaratory judgment, the district court's rejection of her notice of lien, and the denial of hearings to present and subpoena evidence are unpersuasive.

Yuan's motion requesting consideration and review of various records, filed on June 17, 2013, is denied. *See* Fed. R. App. P. 10; *Daly-Murphy v. Winston*, 837 F.2d 348, 351 (9th Cir. 1987) ("[N]ormally the reviewing court will not supplement the record on appeal with material not considered by the trial court.").

Yuan's motions to expedite are denied as moot.

**AFFIRMED.**