**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1911**

ENOVATIVE TECHNOLOGIES, LLC,

Plaintiff - Appellee,

v.

GABRIEL REUVEN LEOR,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge. (1:14-cv-03956-JKB)

Submitted: March 15, 2021                                Decided: March 23, 2021

Before NIEMEYER and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Gabriel Reuven Leor, Appellant Pro Se. Lori Vaughn Ebersohl, APATOFF PETERS EBERSOHL, Falls Church, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Reuven Leor appeals from the district court's July 24, 2020 order denying his motion to purge his civil contempt. On appeal, Leor primarily contends that the district court lacked subject matter jurisdiction to enter the civil contempt orders against him. Enovative Technologies, LLC ("Enovative") asks us to dismiss Leor's appeal based on the fugitive disentitlement doctrine. Enovative also requests a prefiling injunction against Leor and an award of attorney's fees. On February 22, 2021, we issued an opinion dismissing Leor's appeal, denying Enovative's prefiling injunction request, and denying without prejudice Enovative's attorney's fees request. Leor has now petitioned for rehearing. Upon review of the rehearing petition, we grant panel rehearing. However, our disposition of this appeal remains unchanged for the reasons stated below.

Pursuant to the fugitive disentitlement doctrine, we possess the discretion to dismiss the appeal of a defendant who is a fugitive during the pendency of the appeal. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). The doctrine applies to appeals in both civil and criminal proceedings. *Jaffe v. Accredited Sur. & Cas. Co.*, 294 F.3d 584, 597 (4th Cir. 2002). Generally, in order to dismiss an appeal in a civil case based on the fugitive disentitlement doctrine, there must be "a substantial nexus between a litigant's fugitive status and the issue before the court." *Id.*

Other federal courts of appeals have concluded that the fugitive disentitlement doctrine may be used to dismiss an appeal from a party in a civil case who is a fugitive and whose fugitive status stems from an arrest warrant issued after a civil contempt finding in the same proceedings. *See Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001);

2

*Empire Blue Cross & Blue Shield v. Finkelstein*, 111 F.3d 278, 280-82 (2d Cir. 1997). Notably, the First Circuit has applied the fugitive disentitlement doctrine to dismiss the appeals of two civil defendants challenging the court's prior rulings on subject matter jurisdiction in the same proceedings. *Goya Foods, Inc. v. Unanue-Casal*, 275 F.3d 124, 128-31 (1st Cir. 2001); *see also United States v. Zedner*, 555 F.3d 68, 80 (2d Cir. 2008) (rejecting the argument that "the presence of a jurisdictional issue forecloses consideration of the fugitive disentitlement doctrine").

Here, Leor contends that he is not a fugitive within the meaning of the fugitive disentitlement doctrine. We disagree. The district court entered two civil contempt orders against Leor and issued a bench warrant for Leor's arrest. Leor—a United States citizen who resided in this country prior to the initiation of this litigation—has remained overseas avoiding arrest pursuant to that warrant.[1] Leor is thus a fugitive for purposes of the fugitive disentitlement doctrine. *See Molinaro v. New Jersey*, 396 U.S. 365, 365-66 (1970); *In re Kupperstein*, 943 F.3d 12, 21 (1st Cir. 2019). Furthermore, because Leor's fugitive status stems from civil contempt orders and an arrest warrant entered in this litigation, we are satisfied that the requisite "substantial nexus" exists. *Jaffe*, 294 F.3d at 597; *see Goya Foods, Inc.*, 275 F.3d at 128-31; *Pesin*, 244 F.3d at 1253; *Finkelstein*, 111

---

[1] At the initiation of these proceedings, Leor represented to the district court that he was on vacation in Thailand and that he planned to return to the United States. Leor has not returned to the United States. Leor later complained to the district court about restrictions on his travel to the United States while a warrant for his arrest is outstanding, which suggests that he wishes to return to this country but refuses to do so based on the arrest warrant.

F.3d at 280-82. Accordingly, we exercise our discretion to dismiss this appeal based on the fugitive disentitlement doctrine.[2]

With respect to Enovative's remaining requests, we decline to enter a prefiling injunction against Leor at this time. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (specifying factors to be considered before imposing prefiling injunction). We also deny without prejudice Enovative's request for attorney's fees. Enovative's attorney's fees request does not comply with Fourth Circuit Local Rule 46(e), which requires an application for an award of attorney's fees to include "a detailed itemization of the amounts requested."

In sum, we grant panel rehearing, dismiss the appeal, deny Enovative's request for a prefiling injunction, and deny without prejudice Enovative's request for attorney's fees.

---

[2] Leor argues for the first time in his rehearing petition that the fugitive disentitlement doctrine may not be used to dismiss an appellant's challenge to a district court's subject matter jurisdiction. Even if Leor were correct, we would reject Leor's challenge to the district court's subject matter jurisdiction here. The district court concluded that it possessed diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Leor asserts that the district court's jurisdictional ruling is wrong because he was a United States citizen domiciled in Thailand when these proceedings were initiated. However, as previously explained, Leor told the district court that he was merely vacationing in Thailand and that he intended to return to the United States. Moreover, Leor's testimony during the February 12, 2015 hearing before the district court suggests that he was a citizen of Maryland when Enovative filed the complaint. And during the same hearing, Enovative submitted evidence proving that—at the time of the filing of the complaint—Enovative was solely a citizen of Virginia and Leor was a citizen of Maryland. We are thus satisfied that the district court did not err in ruling that complete diversity of citizenship existed at the initiation of these proceedings. Additionally, the amount in controversy exceeded $75,000. For those reasons, we would reject Leor's challenge to the district court's subject matter jurisdiction if we were to decline to apply the fugitive disentitlement doctrine to that challenge. *See Flame S.A. v. Freight Bulk Pte. Ltd.*, 762 F.3d 352, 356 (4th Cir. 2014) (explaining standard of review for district court's ruling on subject matter jurisdiction).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*