State of Connecticut *v.* Arvil Leslie

House, C. J., Cotter, Shapiro, Loiselle and Bogdanski, Js.

Argued May 8—decision released May 21, 1974

*Kenneth R. Kreiling,* with whom, on the brief, was *Robert Mosteller,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

PER CURIAM. Following a trial by jury, the defendant was found guilty of assault with intent to commit robbery and of being a second offender. From the judgment rendered February 11, 1971, the defendant appealed to this court. On November 19, 1972, while the present appeal was pending and while he was being transported to the New Haven correctional center, the defendant escaped from the custody of the Connecticut department of corrections and since that date has not been heard from or seen by authorities in this jurisdiction or by counsel representing him on this appeal. In the belief that the fugitive defendant should not be deprived of the availability of counsel while his appeal was still pending before this court, we denied his counsel's application for permission to withdraw their appearance for him on this pending appeal despite their representation that they were unable to discuss the appeal with the "absent appellant." *State* v. *Leslie,* 165 Conn. 792, 305 A.2d 284.

The appeal having been perfected and reached for hearing and it appearing on oral argument that the defendant is still a fugitive whose whereabouts are unknown, we decline to adjudicate his case and direct that the appeal be dismissed.

As the United States Supreme Court said in a similar case, citing *Smith* v. *United States,* 94 U.S. 97, 24 L. Ed. 32, and *Bonahan* v. *Nebraska,* 125 U.S. 692, 8 S. Ct. 1390, 31 L. Ed. 854: "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." *Molinaro* v. *New Jersey,* 396 U.S. 365, 366, 90 S. Ct. 498, 24 L. Ed. 2d 586.

The appeal is dismissed.