STATE OF CONNECTICUT *v.* PATRICK KENNEDY
(5575)

DALY, O'CONNELL and NORCOTT, Js.

Argued November 19, 1987—decision released March 8, 1988

*Gail A. Heller,* deputy assistant public defender, for the appellant (defendant).

*Irving L. Aronson,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

NORCOTT, J. The defendant appeals from the judgment of conviction of larceny in the second degree in violation of General Statutes § 53a-123. He claims that the evidence was insufficient to establish his guilt beyond a reasonable doubt. Because the defendant fled the jurisdiction and has failed to submit himself to the jurisdiction of this court, we dismiss his appeal.

The defendant was arrested and charged in connection with the theft of jewelry from an unattended and unlocked display case at a department store on February 15, 1986. On September 12, 1986, the defendant was brought to trial before a jury of six on the charge

of larceny in the first degree in violation of General Statutes §§ 53a-119 and 53a-122 (a) (2). The defendant who was at liberty under bond was in attendance throughout the presentation of evidence but fled while the jury was deliberating. According to his counsel, the defendant has not been heard from since that time. On September 16, 1986, the jury found the defendant guilty of the lesser included offense of larceny in the second degree. The trial court subsequently sentenced the defendant in absentia to a term of ten years. Thereafter, the defendant's counsel filed a timely appeal to this court notwithstanding the defendant's continued absence from the jurisdiction.

In *State* v. *Leslie,* 166 Conn. 393, 349 A.2d 843 (1974), our Supreme Court dismissed the appeal of a defendant who had escaped after his conviction and was still a fugitive when his appeal was heard. In so holding, that court, quoting the United States Supreme Court, noted: " 'No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.' *Molinaro* v. *New Jersey,* 396 U.S. 365, 366, 90 S. Ct. 498, 24 L. Ed. 2d 586 [1970]." *State* v. *Leslie,* supra, 395. The rationale expressed in *Leslie* is applicable to this case. We refuse to hold that a defendant who flees before he is convicted is entitled to greater appellate rights than one who awaits the outcome of trial.[1]

---

[1] In *Tyler* v. *Bronson,* 12 Conn. App. 621, 624–25, 533 A.2d 570 (1987), we held that a defendant who flees before being informed of his right to appeal is nonetheless deemed to have forfeited his rights to the appellate process if he does not file a timely appeal.

Defense counsel asserts that this court should hear the present appeal, notwithstanding the clear applicability of the holding in *Leslie* to the facts of this case, because it involves the claim of a violation of a fundamental constitutional right. Defense counsel claims that in *Tyler* v. *Bronson,* 12 Conn. App. 621, 625 n.3, 533 A.2d 570 (1987), this court created an exception to the general rule expressed in *Leslie.* In *Tyler,* we noted that we might review an egregious constitutional error on habeas corpus even if the defendant had waived his appellate rights because he had fled the jurisdiction. The notation in *Tyler,* however, is inapplicable to this case. Even though the defendant's claims involve a fundamental constitutional right, they are not the sort of egregious constitutional error described in *Tyler.*[2] Second, our indication that we might review a defendant's claim on habeas corpus if the defendant returns to the jurisdiction in no way indicates that we will review a defendant's claims of error, egregious or otherwise, where the defendant voluntarily continues to be absent from the jurisdiction.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[2] An example of an egregious constitutional error would be if the court entered a directed verdict of guilty after the defendant's failure to appear. *Tyler* v. *Bronson,* 12 Conn. App. 621, 625 n.3, 533 A.2d 570 (1987). No such clear abuse of the defendant's right to a fair trial is alleged in this case.