[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The Respondent has moved to dismiss the Petition for a Writ of Habeas Corpus claiming that the Petitioner, by fleeing the jurisdiction while the jury was deliberating and being "on the until the appeal period had expired, effectively abandoned the legal process and disentitled himself from habeas corpus relief. The Respondent cites Tyler v. 12 Conn. App. 621 (1987) and State v. Kennedy, 13 Conn. App. 576 (1988).
The Petitioner has objected to the motion to strike claiming that the legal reasoning enunciated by our Appellate Court in those matters applies strictly to the disentitlement to access to the appellate process. The Petitioner asserts that his right to habeas CT Page 5503 corpus relief remains intact, nevertheless. This court disagrees.
Judge Norcott in Kennedy made it abundantly clear that "we might review an egregious constitutional error on habeas corpus even if the defendant had waived his appellate rights because he had fled the jurisdiction." The court gave an example of an egregious constitutional error to be a directed verdict of guilty after defendant's failure to appear.
The claims raised by the petitioner in his writ will be discussed individually:
1. That he was sentenced in absentia. That circumstance occurred by virtue of the defendant's voluntary act and left the court no choice. It does not constitute a constitutional error, let alone an egregious error.
2. That he could not speak on his own behalf as sentencing. First, the privilege of allocution is not absolute. Second, the petitioner, by fleeing the court's jurisdiction effectively elected not to speak on his own behalf. Hence, there is no constitutional claim of any substance.
3. That the court sentenced the Petitioner in absentia without the benefit of a P.S.I. Report. There was no probation department report because the Petitioner elected to take off. There is no merit to Petitioner's claim on this issue.
4. That trial counsel rendered ineffective assistance by failing to call certain witnesses. The decision on which witnesses to call is properly one for trial counsel to make. The decision falls within the realm of trial tactics. Petitioner's claim does no rise to the level of egregious constitutional error.
5. The Petitioner's next three claims are:
a. The court erred by failing to direct a verdict of acquittal and/or entering a judgment of acquittal notwithstanding the verdict;
b. That the evidence was insufficient to sustain a verdict of guilty; and
c. That the value of the merchandise was insufficient to support the conviction for larceny in the second degree.
Those claims should have been raised on appeal. There was a deliberate bypass as determined in Kennedy, supra.
The Motion for Dismissal is granted. CT Page 5504
Scheinblum, J.