[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from purportedly illegal confinement stemming from the petitioner's conviction, after jury trial, of sexual assault first degree, in violation of Connecticut General Statutes Section 53a-70, and risk of injury to a minor in violation of Connecticut General Statutes Section 53-21, for which crimes the petitioner received a total, effective sentence of fifteen years incarceration, execution suspended after twelve CT Page 7161 years, and five years probation.
The first count of the petition asserts that the trial court erred by making certain evidentiary rulings and by improperly instructing the jury. The second count asserts that the petitioner's trial counsel, Attorney George Bickford, rendered ineffective assistance by failing to take exception to the jury instructions under attack. The third count asserts that the petitioner's appellate counsel, Attorney Jeffrey Stephens, rendered ineffective assistance by failing to raise the issue of these instructions on appeal and by insufficiently arguing against dismissal of the petitioner's appeal resulting from the petitioner's fugitive status.
The pertinent factual history runs as follows. On October 2, 1987, the jury returned a verdict of guilty as to both counts of the information (Petitioner's Exhibit 1-H, p. 55). On November 23, 1987, the petitioner failed to appear for sentencing, and, on November 25, 1987, his appearance bond was forfeited, and he was ordered rearrested (Respondent's Exhibit 1). Notwithstanding his client's disappearance and fugitive status, his appellate counsel filed an appeal on December 15, 1987 (Respondent's Ex. 1). On April 18, 1988, the State moved to dismiss the appeal because of the petitioner's flight, and the appeal was dismissed by the Appellate Court on June 2, 1988. This dismissal entered despite the petitioner's recapture in the interim (Respondent's Exhibit 1). On June 8, 1988, the petitioner's appellate counsel moved to reopen the dismissal of the appeal, and, on July 21, 1988, this motion was denied by the Appellate Court (Respondent's Exhibit 1).
 A.
As to the first count, which alleges various errors of the trial court, the burden is on the petitioner to allege and prove no deliberate bypass of the orderly process of direct appeal, Cajigas v. Warden, 179 Conn. 78 (1979), p. 81. By virtue of his absconding, the petitioner has abandoned his right to appeal and forfeited it. The "disentitlement rule" which embodies this forfeiture of direct appeal also acts to forfeit consideration of the claims, which could have been addressed on appeal, in a habeas corpus action, Tyler v. Bronson, 12 Conn. App. 621 (1987). At pp. 625 and 626, the CT Page 7162 Appellate Court states, "We conclude that the petitioner's failure to appeal his conviction in a timely manner amounted to a forfeiture of his appellate rights, because his failure to appear at trial and sentencing was an act completely within his control, and that act clearly manifested his abandonment of the legal process."
Therefore, this court will not address claims which the petitioner could have raised had his appeal not been dismissed because of his flight from custody.
 B.
The respondent urges that this court apply the "disentitlement rule" to all of the petitioner's claims and dismiss the petition without reaching the merits of other claims which the petitioner could not have presented on appeal, i.e. the claims of ineffectiveness of his trial and appellate counsel. The court rejects this position, and holds that the "disentitlement rule," under the particular facts of this case, only acted to undermine the petitioner's claim of no deliberate bypass of the appellate process. Because the petitioner cannot raise ineffectiveness claims by direct appeal, the petitioner is relieved of any burden of alleging or proving a lack of deliberate bypass with respect to ineffectiveness of counsel claims, State v. Leecan,198 Conn. 517 (1986), pp. 541 and 542. Therefore, the court feels that the ineffective assistance claims survive the forfeiture of direct appeal.
Parenthetically, the court notes that a different rule might apply if a petitioner absconds while his habeas petition is pending, however. In that event, the "disentitlement rule" may work as a forfeiture of collateral review of the claims raised in the habeas petition. Because no habeas petition was pending at the time of the petitioner's fugitive status, that issue need not be addressed.
 C.
The court now turns to the merits of the issues raised in the second and third counts of the petition. These counts allege the ineffective assistance of trial and appellate counsel in various manners. Because the court feels that the CT Page 7163 same principle disposes of both of these claims, both counts are treated together.
There are two components to a claim of ineffective assistance, Johnson v. Commissioner, 218 Conn. 403 (1991), p. 424. The petitioner must demonstrate, by a preponderance of the evidence, both that his attorney's performance was deficient and that such substandard representation prejudiced his defense, Ibid. The requirement of demonstrating prejudice requires that the petitioner prove that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different; Ostolaza v. Warden, 26 Conn. App. 758 (1992), p. 761. These components also apply to claims of ineffective assistance of appellate counsel, Bunkley v. Commissioner,222 Conn. 444 (1992), p. 446. If it is easier to dispose of a claim of ineffective assistance on the ground of insufficient proof of prejudice, the habeas court may address that issue without reaching the question of counsel's performance, Pelletier v. Warden, 32 Conn. App. 38 (1993), p. 46.
The petitioner contends that trial counsel failed "to take exception and preserve the trial court's failure" to give certain instructions. The deficiency claimed is that, by not taking exception, the issue of the impropriety of the judge's instructions might be lost as an appellate issue. Similarly, the purported claim of ineffective assistance by appellate counsel is the failure to raise these jury instruction issues on appeal. Thus, both remaining counts allege deficiencies whose asserted prejudicial effect is that potential appellate issues were not preserved for or presented on appeal.
But the petitioner's flight from custody squandered his opportunity to have any issues determined in his favor on appeal. Again, his appeal was dismissed as a result of his fugitive status. Any potentially detrimental consequences of failing to preserve or raise appellate issue by his counsel were rendered nugatory by his absconding and the abandonment of the orderly appeal process. The court finds that even if trial counsel had taken exceptions to the instructions under attack and even if appellate counsel attempted to raise these claims on appeal, the outcome of the appellate process would have remained unchanged, that is, the appeal would still have been dismissed as a consequence of the petitioner's conduct. CT Page 7164
The only remaining issue to resolve is whether appellate counsel adequately argued against the dismissal of the appeal based on the disentitlement rule. The petitioner's argument is that footnote 3 of Tyler v. Bronson, supra, p. 625, would have allowed the petitioner to avoid the forfeiture of appellate rights he suffered. That footnote indicates that in a case where "a gross abuse of the right to a fair trial," occurred, such as a directed verdict of guilty, the Appellate Court might review an appellant's claim despite his flight from custody.
In the instant case, the petitioner has failed to demonstrate that the allegedly improper jury instructions he attacks came close to the "gross abuse" situation described in Tyler, v. Bronson, supra. In State v. Kennedy, 13 Conn. App. 576
(1988), a defendant sought to avoid the disentitlement rule and have his appeal decided on the merits by seeking refuge under footnote 3 of Tyler v. Bronson, supra. His claim contended that he was convicted with insufficient evidence to establish his guilty beyond a reasonable doubt. That claim would appear substantially stronger than that claimed by the present petitioner. Yet, the Appellate Court held that "[e]ven though the defendant's claims involve a fundamental constitutional right, they are not the sort of egregious constitutional error described in Tyler," Ibid, p. 578 (emphasis added).
This court concludes that it is improbable that, had appellate counsel stressed the language of footnote 3 of Tyler v. Bronson and attempted to fit the petitioner's claims within that language to the Appellate Court, that the Appellate Court would have acted any differently than it did in dismissing the petitioner's appeal.
For the above reasons, the petition is dismissed.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court CT Page 7165