32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee
v.
REAL PROPERTY AT 11205 MCPHERSON LANE, OJAI, CALIFORNIA, Defendant,
and
Michael Caldwell, Claimant-Appellant.
UNITED STATES of America, Plaintiff-Appellee
v.
REAL PROPERTY AT 11205 MCPHERSON LANE, OJAI, CALIFORNIA, Defendant,
and
Robin B. Caldwell, Claimant-Appellant.
 
 Nos. 93-15370, 93-15371.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1994.
Decided Aug. 3, 1994.
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In consolidated appeals, Michael and Robin Caldwell appeal a forfeiture order of Michael Caldwell's leasehold interest in a home at 11205 McPherson Lane, Ojai, California. The United States obtained a judgment of forfeiture under 21 U.S.C. Sec. 881(a)(6) by summary judgment. We affirm.
 
 DISCUSSION
 I. Michael Caldwell's Claim
 
 3
 The disentitlement doctrine prevents fugitives from calling upon the resources of the court to adjudicate their claims. Molinaro v. New Jersey, 396 U.S. 365 (1970); Conforte v. Commissioner, 692 F.2d 587, 589-90 (9th Cir.1982).
 
 
 4
 The district court held that the disentitlement doctrine barred it from hearing Michael Caldwell's claim because he is a fugitive from justice. The court cited United States v. $129,374 in U.S. Currency, 769 F.2d 583 (9th Cir.1985), cert. denied sub. nom Geiger v. United States, 474 U.S. 1086 (1986), where we held that the disentitlement doctrine precluded a fugitive from presenting any claim or defense in a civil forfeiture action related to his criminal proceeding. Id. at 587.
 
 
 5
 Michael Caldwell contends that his case is distinguishable from $129,374. He notes that unlike the claimant in that case, he has was never arrested or found guilty of the related criminal charge. He also argues that unlike the fugitive in $129,374, he did not flee during the pendency of a criminal or civil forfeiture proceeding, as such proceedings had not yet been instituted.
 
 
 6
 These arguments are wholly without merit. Michael Caldwell's fugitive status is the product of his own willful attempt to avoid prosecution. The timing of his decision to flee--whether before or after conviction--does not affect his fugitive status or the application of the disentitlement doctrine. See United States v. Eng, 951 F.2d 461 (2d Cir.1991).
 
 
 7
 Michael Caldwell also argues we should not apply the disentitlement doctrine in his case because he did not initiate the civil proceedings, but is merely defending against the Government's forfeiture action. Thus, he argues he has not invoked the court's aid within the meaning of Molinaro. This claim is similarly without merit. Which party initiated the action and the party's procedural posture have no bearing on the applicability of the disentitlement doctrine. $129,374, 769 F.2d at 589; Eng, 951 F.2d at 466.
 
 
 8
 Finally, Michael Caldwell argues that even if the disentitlement doctrine applies to him, the district court failed to realize it was within its discretion whether to apply it. However, a reading of the district court opinion in its entirety makes clear that the court recognized it had the discretion to hear Caldwell's claim, but declined to do so.
 
 II. Robin Caldwell's Claim
 
 9
 Robin Caldwell argues that she has a community property interest in the subject property. She contends that the quitclaim deed she signed was procured by fraud, and that she is entitled to the property as an "innocent owner" under Sec. 881(a)(6).[1]
 
 
 10
 The district court found that Robin Caldwell's asserted interest was derivative of her husband's, and because Michael Caldwell never had a legitimate interest in the property, due to the relation-back doctrine, 21 U.S.C. Sec. 881(h), Robin's asserted interest is void. Robin Caldwell contends the court's reasoning was rejected by the intervening Supreme Court decision in United States v. 92 Buena Vista Avenue, 113 S.Ct. 1126 (1993), and that we must therefore reverse.
 
 
 11
 However, we may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We find that Robin Caldwell has failed to provide any evidence that she would qualify for the innocent owner defense or was unaware of her husband's drug trafficking activities.[2] By failing to set forth specific facts showing there is a genuine issue on this claim, Robin Caldwell failed to defend the government's motion for summary judgment.
 
 
 12
 The district court judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 That statute provides that "no property shall be forfeited ... to the extent of the interest of an owner, by reason of any act ... established by that owner to have been committed ... without the knowledge or consent of that owner."
 
 
 [2]
 Although her opposition to summary judgment was accompanied by a filing entitled, "Declaration of Robin B. Caldwell," this was inadmissible evidence. The declaration was not signed by Robin Caldwell, but signed by, "Carlo Spiga on behalf of claimant, Robin Caldwell, as per telephonic authorization." Nothing in the record identifies Carlo Spiga nor explains the nature or source of the "telephonic authorization." This declaration has no evidentiary value and we must disregard it for summary judgment purposes. Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir.1990) ("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment."). Moreover, nothing in this putative declaration even speaks to the innocent owner defense