**YI YING CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondents.**

**No. 07–4432–ag.**

United States Court of Appeals, Second Circuit.

April 28, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yi Ying Chen, a native and citizen of China, seeks review of a September 25, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Yi Ying Chen,* No. A70 893 404 (B.I.A. Sept. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ The government requests that this Court dismiss Chen's petition for review pursuant to the fugitive disentitlement doctrine because he failed to comply with a notice to surrender for deportation issued after the BIA dismissed his appeal. It is well-settled that federal courts "have authority to dismiss an appeal or writ of certiorari if the party seeking relief is a fugitive while the matter is pending." *Degen v. United States,* 517 U.S. 820, 824, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). Contrary to Chen's argument that this doctrine should not be extended beyond the criminal context to asylum applicants, we noted in *Qian Gao v. Gonzales,* 481 F.3d 173 (2d Cir.2007), that we have long applied the doctrine to aliens who fail to comply with a notice to surrender for deportation (often called a bag-and-baggage letter). *Id.* at 175–76 (finding that "for an alien to become a fugitive, it is not necessary that anything happen other than a bag-and-baggage letter be issued and the

alien not comply with that letter"); *see also Bar–Levy v. U.S. Dep't of Justice,* 990 F.2d 33, 34–35 (2d Cir.1993). We found that the four rationales supporting the application of the fugitive disentitlement doctrine in the criminal context also apply when a petitioner is a fugitive from the type of judgment that is the subject of the appeal before this Court: (1) "the difficulty of enforcing any judgment rendered against a fugitive"; (2) "the need for a sanction to redress the fugitive's affront to the dignity of the judicial process"; (3) "the desire to promote the efficient operation of the courts by deterring escape"; and (4) "the need to redress any prejudice to the government occasioned by the fugitive's absence." *Gao,* 481 F.3d at 176–77; *see also Bar–Levy,* 990 F.2d at 35.

Indeed, we dismissed the petition for review of an asylum applicant in *Gao,* the circumstances of which are substantially similar to those in this case. Like the petitioner in *Gao,* Chen failed to comply with a notice to surrender for deportation after his original asylum application was denied. *See Gao,* 481 F.3d at 174–75. Also like the petitioner in *Gao,* Chen filed a motion to reopen several years later based on his fear of sterilization pursuant to China's family planning policy based on the birth of his children in the United States, and the BIA denied that motion. *See id.* at 175. We dismissed the all four of the rationales underlying the fugitive disentitlement doctrine. *Id.* at 177–78. Chen has not distinguished his case from *Gao* and has not provided any explanation for his failure to surrender for deportation. *See id.* at 178. Therefore, in the absence of factors militating against applying the fugitive disentitlement doctrine, we likewise dismiss Chen's petition for review. *See id.*

█ Chen argues that applying the fugitive disentitlement doctrine to his case would violate the Supremacy Clause of the Constitution, Article VI, Clause 2. This argument lacks merit because there are no statutory or treaty provisions specifically precluding application of the doctrine in the circumstances of this case. *See Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).