NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted December 7, 2009*
Decided December 11, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| **No**. 09-1309 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| **v.** | No. 00-CR-84 |
| MARCUS M. HENRY, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**Order**

Marcus Henry was released from prison promptly after the district court cut 36 months off his sentence for distributing crack cocaine. (The reduction was authorized by 18 U.S.C. §3582(c)(2) and the Sentencing Commission's retroactive changes to the Guidelines for crack-related offenses.) Within a month Henry was back in court, charged with violating the conditions of his supervised release. He stipulated to nine violations, and the district court ordered him to serve an additional 14 months in prison, to be followed by four additional years of supervised release.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Henry filed a notice of appeal. His lawyer moves to withdraw, concluding after the analysis required by *Anders v. California*, 386 U.S. 738 (1967), that the appeal is frivolous. Henry was invited to respond, see Circuit Rule 51(b), but has not done so.

We agree with counsel's assessment. Given Henry's stipulation to nine violations, any challenge to the fact of revocation would be frivolous. And given the fact that the 14-month sentence is below the Sentencing Commission's recommendation of 24 to 30 months for a Grade A violation by a person with Henry's criminal history category of IV, see U.S.S.G. §7B1.4(a)(1), the sentence is presumed reasonable. See *Rita v. United States*, 551 U.S. 338 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We cannot envisage any non-frivolous argument that 14 months is unreasonably high.

What is more, the 14-month term has expired (the district court gave Henry credit for time served between his arrest on the violation charge and the new sentencing), and Henry has again been placed on supervised release, from which he has absconded. The Probation Office has filed a report stating that Henry has not been seen by his counsellor since June 24, 2009. The district court has issued a bench warrant for his arrest. This appeal not only is frivolous but also is subject to dismissal under the fugitive disentitlement doctrine. See *Molinaro v. New Jersey*, 396 U.S. 365 (1970).

The motion to withdraw is granted, and the appeal is dismissed.