856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas M. BROOKS, Petitioner-Appellant,
v.
Raymond M. MUNCY, Respondent-Appellee.
 No. 87-7307.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 23, 1987.
Decided Aug. 22, 1988.
 
 Douglas M. Brooks, appellant pro se.
 Linwood Theodore Wells, Jr., Office of Attorney General, for appellee.
 Before DONALD RUSSELL, WIDENER, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Douglas Brooks, a Virginia inmate, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court dismissed the petition and Brooks noted a timely appeal. We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 This is Brooks' third federal habeas corpus petition. Brooks' first petition was brought in 1984. In connection with that petition, Brooks was appointed counsel and an evidentiary hearing was held on his claims of ineffective assistance of counsel. Prior to a decision by the district court, Brooks escaped from custody. The district court dismissed the petition "in view of [Brooks'] escape status." Brooks was later recaptured and filed a second habeas petition which was dismissed in 1986 for a failure to exhaust state remedies.
 
 
 3
 We are of the opinion that the petition now before the Court is barred by virtue of Brooks' escape from custody during the pendency of his first petition. Because Brooks intentionally bypassed orderly legal procedures by means of his escape, we hold he is precluded from filing successive habeas petitions. See Williams v. Holbrook, 691 F.2d 3, 15 (1st Cir.1982); Fowler v. Leeke, 509 F.Supp. 544, 546 n. 3 (D.S.C.1979), appeal dismissed, 644 F.2d 878 (4th Cir.1981).
 
 
 4
 It is well settled that a prisoner forfeits his right to direct appeal if he escapes during the pendency of the appeal. Molinaro v. New Jersey, 396 U.S. 365 (1970). "There is no readily apparent reason to apply the rule less stringently to collateral attacks at the trial court level than to direct appeals...." Fowler, 509 F.Supp. at 546 n. 3. For these reasons, we hold that Brooks may not maintain the instant action.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 DISMISSED.