**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-622**

---

In Re: MARTIN BRAMSON,

Petitioner.

---

On Petition for Writ of Mandamus. (CR-92-318-JFM)

---

Submitted:  December 26, 1996      Decided:  February 18, 1997

---

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Martin Bramson, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Martin Bramson petitions this court for a Writ of Mandamus directing the district court to dismiss a pending federal indictment against him, or appoint counsel to advance his previously denied motion to dismiss the indictment. A party seeking mandamus relief must show that he has no other means of relief and that his right to the relief he seeks is "clear and indisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). We first note that, as a fugitive from justice who is not in the custody of any official of this country, but is currently incarcerated in a Liechtenstein prison, it is not "clear and indisputable" that Bramson has the right to even request relief in this court. See Molinaro v. New Jersey, 396 U.S. 365, 366 (1970).

In any event, however, we reject the underlying basis for Bramson's request for mandamus reliefCthat his right to a speedy trial has been violated. The delay in bringing Bramson to trial is clearly primarily attributable to his own decision to flee this country over four years ago after he was indicted on a variety of federal charges. See United States v. Mitchell, 957 F.2d 465, 469 (7th Cir. 1992). He admits that he is not being held in Liechtenstein for any violation of the laws of that principality, but rather pursuant to that country's extradition treaty with the United States for violations of this country's laws. He therefore can presumably return to this country and stand trial of his own volition at any time. Because Bramson is responsible for the delay of his trial, his Constitutional right to a speedy trial has not

2

been violated. Moreover, delays attributable to the unavailability of a defendant are excluded from consideration under the Federal Speedy Trial Act of 1974. <u>See</u> 18 U.S.C.A. § 3161(h)(3)(A) (1994). Bramson therefore cannot establish any violation of that Act.

Accordingly, the petition for a Writ of Mandamus is denied.

<u>PETITION DENIED</u>