# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3410

_____

United States of America,           *
                                    *
            Appellee,               *
                                    *       Appeal from the United States
      v.                            *       District Court for the Northern
                                    *       District of Iowa.
Alexandro Vasquez-Gutierrez,        *
                                    *
            Appellant.              *


_____

Submitted:  March 12, 2003

Filed:  July 8, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Alexandro Vasquez-Gutierrez was charged with possession of more than five kilograms of cocaine with the intent to deliver, in violation of 21 U.S.C. §841. Vasquez-Gutierrez was first tried to a jury in April 2001; however, the jury was unable to reach a verdict, and a mistrial was declared. On December 17, 2001, Vasquez-Gutierrez's second trial commenced. On the third day of his second trial,

Vasquez-Gutierrez absconded. The district court[1] determined that Vasquez-Gutierrez had voluntarily fled and submitted the case to the jury in his absence. The jury returned a verdict of guilty, and the district court sentenced Vasquez-Gutierrez, in absentia, to 121 months' imprisonment. Vasquez-Gutierrez's counsel lodged this appeal on behalf of his fugitive client.

While acknowledging defense counsel's commendable diligence, we cannot consider the merits of his arguments on appeal. The Supreme Court has stated, "the decision to appeal rests with the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000). The singular fact that this appeal comes to us from counsel without Vasquez-Gutierrez's consent or knowledge is a sufficient ground to support dismissal. Moreover, a defendant that has voluntarily fled–and remains a fugitive–is not entitled to appellate relief. *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970). "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction." *Id.* at 366. Although Vasquez-Gutierrez chose to flee justice's sword before being convicted, the logic remains the same. While in flight, he may not also avail himself of justice's shield.

For the forgoing reasons, this appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1] The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.