COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Alston and Decker
Argued at Richmond, Virginia


DEMOND MARKEE LEWIS

v.      Record No. 0340-13-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
SEPTEMBER 9, 2014


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

K. Scott Miles for appellant.

John W. Blanton, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Demond Markee Lewis ("Lewis") appeals his conviction for possession of drugs by a

prisoner, a felony, in violation of Code § 53.1-203(6), after a bench trial in the Circuit Court for

the City of Richmond ("trial court").  Lewis argues that the trial court erred in denying his pleas

of former jeopardy on both constitutional double jeopardy grounds and Virginia's "double

jeopardy" statute, Code § 19.2-294, as the Richmond General District Court ("district court") had

previously convicted him of possession of marijuana on the same evidence and dismissed the

original felony charge for possession of drugs by a prisoner.  Prior to oral argument in this case,

the Commonwealth filed a motion to dismiss the appeal pursuant to the Fugitive Disentitlement

Doctrine.

I.  BACKGROUND

This Court reviews the evidence in the light most favorable to the prevailing party in the

trial court—in this case, the Commonwealth.  Commonwealth v. Hudson, 265 Va. 505, 514, 578

S.E.2d 781, 786 (2003).  So viewed, the evidence established the following.

On December 16, 2010, Richmond Police Detective Edward Aeschlimann arrested Lewis pursuant to an investigation regarding a shooting that is not at issue in this case. Once Aeschlimann took Lewis back into the lockup facility of the jail, the sheriff's deputies searched Lewis. A sheriff's deputy recovered a small baggie filled with marijuana from Lewis's pocket.

Lewis was simultaneously charged with simple possession of marijuana, in violation of Code § 18.2-250.1, and possession of drugs as a prisoner, in violation of Code § 53.1-203(6). The district court heard both matters on January 26, 2011, and it found Lewis guilty of simple possession of marijuana, a misdemeanor. However, the district court dismissed the felony offense, possession of drugs by a prisoner, after a preliminary hearing. At the next grand jury following the dismissal by the district court, the Commonwealth presented a charge against Lewis for possession of drugs by a prisoner and the grand jury returned a true bill. The trial court denied Lewis's motion to quash the indictment and, on February 21, 2013, the court convicted him of possession of drugs by a prisoner. The trial court sentenced him to two years' incarceration with two years suspended for a period of three years. The sentencing order recited that supervised probation was a condition of Lewis's suspended sentence and that probation was to commence upon his release from incarceration.

Lewis timely noted his appeal to this Court. In doing so, Lewis presents two assignments of error in which he argues 1) that his prosecution for possession of drugs by a prisoner on a felony indictment obtained after he had already been convicted of simple possession of marijuana violates constitutional double jeopardy under Fifth Amendment principles or, alternatively, 2) that his prosecution for possession of drugs by a prisoner on a felony indictment

obtained after he had already been convicted of simple possession of the same marijuana violates the statutory prohibition against multiple prosecutions contained in Code § 19.2-294.[1]

However, prior to oral argument in this case, the Commonwealth filed a motion asking this Court to dismiss Lewis's appeal pursuant to the Fugitive Disentitlement Doctrine. In support of its motion, the Commonwealth demonstrated that on April 24, 2013 it had requested that the trial court issue a capias for Lewis, alleging that he failed to report to the Probation and Parole Office within seventy-two hours of his release from jail where he was held on other charges and that a probation officer was unable to locate Lewis at his address on record. On May 2, 2013, the trial court issued a capias, ordering Lewis to show cause why his previously suspended sentence for possession of drugs by a prisoner should not be revoked. Lewis, through counsel, filed a response opposing the Commonwealth's motion, although he concedes that Lewis is wanted on a capias issued by the trial court from which this appeal is taken and that Lewis is a fugitive.

## II. ANALYSIS

Before we can consider addressing the merits of Lewis's assignments of error, we first must decide whether the Fugitive Disentitlement Doctrine compels us to grant the Commonwealth's motion to dismiss Lewis's appeal considering his current fugitive status. "It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." Ortega-Rodriguez v. United States, 507 U.S. 234, 239 (1993). The United States Supreme Court first applied this

---

[1] Code § 19.2-294, provides in pertinent part,

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

rule in Smith v. United States, 94 U.S. 97 (1876). Ortega-Rodriguez, 507 U.S. at 239. In Smith, the Court refused to hear a criminal case where the appellant escaped from custody and was not within the control of the court below, either actually or constructively by being out on bail. Id. at 97. The Court followed Smith in the criminal case of Molinaro v. New Jersey, 396 U.S. 365 (1970), where the appellant, who was free on bail, had failed to surrender himself to state authorities. Id. at 365. The Court found,

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

Id. at 366.

The Virginia Supreme Court has held that three elements are required in order to employ the Fugitive Disentitlement Doctrine: "(1) the appellant must be a fugitive, (2) there must be a nexus between the current appeal and the appellant's status as a fugitive, and (3) dismissal must be necessary to effectuate the policy concerns underlying the doctrine." Sasson v. Shenhar, 276 Va. 611, 623, 667 S.E.2d 555, 561 (2008). "[W]hen applying the doctrine, courts must exercise 'restraint,' and its use must 'be a reasonable response to the problems and needs that provoke it.'" Id. (quoting Degen v. United States, 517 U.S. 820, 823-24 (1996)).

Applying these elements to the facts of this case, we first conclude that Lewis is indeed a fugitive. He failed to report to his probation officer upon his release from jail as required by the conditions of his suspended sentence. Probation officers attempted to locate Lewis but were unsuccessful in doing so. He has failed to appear upon the trial court's order that he show cause why the suspension on his sentence should not be revoked. Moreover, Lewis's counsel concedes that Lewis is a fugitive.

Secondly, we address the nexus requirement. Lewis argues that there is no nexus between his fugitive status and this appeal. We disagree. "The 'nexus' requirement is actually an evaluation of whether an appellant's status as a fugitive impacts the appellate process." Reid v. Commonwealth, 57 Va. App. 42, 55, 698 S.E.2d 269, 275 (2010). "'Absent some connection between a defendant's fugitive status and his appeal, as provided when a defendant is at large during the ongoing appellate process, the justifications advanced for dismissal of fugitives' pending appeals generally will not apply.'" Id. (quoting Ortega-Rodriguez, 507 U.S. at 249) (internal quotations and citation omitted). For example, if the fugitive was recaptured prior to resolution of the appeal, none of the deterrent functions of the doctrine would be relevant. Ortega-Rodriguez, 507 U.S. at 249.

Here, however, Lewis is a fugitive on the very conviction he now seeks to overturn on appeal and remains at large during the ongoing appellate process. See Reid, 57 Va. App. at 56, 698 S.E.2d at 275 (finding a clear nexus between appellant's fugitive status and the appellate process where appellant sought review of the very conviction he tried to avoid by escaping while under an appeal bond). Dismissal in this case "serves an important deterrent function and advances an interest in efficient, dignified appellate practice." Ortega-Rodriguez, 507 U.S. at 242. Lewis seeks a windfall by refusing further submission to the authority of the circuit court by becoming a fugitive and avoiding his sentence while simultaneously seeking redress for alleged trial court error through the perfection of this appeal in this Court. Dismissal of Lewis's appeal prevents and discourages such misuse of the appellate process and advances dignity and respect for the rule of law by those who otherwise may be tempted to simultaneously evade it while taking advantage of it . For these reasons, the nexus between Lewis's fugitive status and the appellate process is clearly established.

Lastly, we consider whether dismissal is "necessary to effectuate the policy concerns underlying the doctrine." Sasson, 276 Va. at 623, 667 S.E.2d at 561. Relevant policy concerns include: "'(1) [whether] a party's fugitive status can render a judgment impossible to enforce; (2) the inequity of allowing a fugitive to call upon the resources of the Court for determination of his claims[;] and (3) the need to discourage the felony of escape and encourage voluntary surrenders.'" Reid, 57 Va. App. at 57, 698 S.E.2d at 276 (quoting Jaffe v. Accredited Sur. & Cas. Co., 294 F.3d 584, 596 (4th Cir. 2002)).

Lewis's counsel argues that Lewis's fugitive status does not render a judgment of this Court impossible to enforce. He contends that if we affirm Lewis's conviction, the Commonwealth has "the same enforcement mechanisms that are currently in place." If we reverse his conviction on grounds of constitutional double jeopardy or based upon a violation of Code § 19.2-294, Lewis would not be subject to retrial. However, enforceability of this Court's order is not the only policy consideration we take into account and is not dispositive of evaluation of the Commonwealth's motion. We are mindful that Lewis's fugitive status has frustrated the trial court's ability to enforce the terms of the suspended sentence it imposed on Lewis. Moreover, we are convinced of the inequity of allowing Lewis to call upon the resources of this Court for determination of his claims while he remains a fugitive from justice, thereby undermining the authority of the court from which this appeal proceeds. Molinaro, 396 U.S. at 366. Finally, a dismissal of Lewis's appeal has the deterrent effect of discouraging flight from justice, encouraging voluntary surrenders and compliance with court orders, and also promotes the efficient, dignified, and consistent operation of the courts of the Commonwealth. See Sasson, 276 Va. at 628, 667 S.E.2d at 564; Reid, 57 Va. App. at 57, 698 S.E.2d at 276. We find that dismissal of Lewis's appeal is necessary to effectuate the policy concerns of the Fugitive Disentitlement Doctrine.

## III.  CONCLUSION

For the foregoing reasons, we grant the Commonwealth's motion to dismiss.  Thus, we do not address the merits of the assignments of error contained in Lewis's appeal.

<u>Dismissed.</u>