[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17558
Non-Argument Calendar
_____

D.C. Docket No. 8:15-mc-00002-SDM-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH BELCIK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 16, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Joseph Belcik, proceeding *pro se*, appeals from the district court's

November 18, 2016, order revoking his bail and issuing a warrant for his arrest for

violating court orders, failing to appear for a show cause hearing, and violating the conditions of his release. Belcik is currently a fugitive from that order.

"The United States Supreme Court has long recognized an appellate court's ability to exercise its discretion by refusing to hear or to decide the appeal of a fugitive from justice." *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997) (citing *Ortega–Rodriguez v. United States*, 507 U.S. 234 (1993); *Molinaro v. New Jersey*, 396 U.S. 365 (1970)). The fugitive disentitlement doctrine applies where an appellant is a fugitive and his status as such has a connection, or nexus, to his appeal. *Id.* In *Barnette*, we dismissed an appeal under the doctrine where the appellants from a civil contempt order had repeatedly defied court orders and evaded arrest. *Id.* at 1182–83. We held that the appellants' avoidance of court orders and contempt sanctions rendered them fugitives. *Id.* at 1183. We determined that their appeal had the requisite nexus to their fugitive status because they had effectively stayed contempt judgments against them by violating district court orders. *Id.* We reasoned that the appellants were unlikely to abide by any judgment other than one favorable to them and declined to hear their appeal, as "[h]e who offends against the law seeks in vain the help of the law." *Id.* at 1184 (quotation omitted).

Here, dismissal of Belcik's appeal under the fugitive disentitlement doctrine is appropriate. It is undisputed that Belcik violated at least three district court

orders. The government argues that Belcik is a fugitive and that the district court's bench warrant for his arrest remains outstanding, and there is currently no information to the contrary. Furthermore, his appeal has the requisite nexus to his fugitive status because, like the appellants in *Barnette*, he has effectively stayed the district court's sanctions against him by evading court orders and would presumably submit only to an appellate ruling in his favor. 129 F.3d at 1183–84. Thus, we decline to participate in Belcik's flouting of district court orders, and we dismiss his appeal.

**DISMISSED.**