# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1801

———————————————

United States of America

*Plaintiff - Appellee*

v.

Daniel Diaz

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

——————————

Submitted: November 3, 2020
Filed: November 23, 2020
[Published]

——————————

Before SMITH, Chief Judge, BENTON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

On September 11, 2020, we changed this case to no argument status. As is our normal practice, the clerk mailed notice of the change to the Appellant. The case was submitted on the briefs on September 24. On September 25, 2020, in response to our notice to the Appellant, the Bureau of Prisons told us that Daniel Diaz (BOP ID No. 17618-029) escaped from custody on December 21, 2019. We then requested

supplemental briefing on the effect of Diaz's escape, including whether we have discretion to dismiss the appeal *sua sponte* under the fugitive disentitlement doctrine. Neither side's counsel was aware Diaz had escaped. The case was resubmitted on November 3.

"It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). Although fugitive status does not "strip the case of its character as an adjudicable case or controversy," *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) (per curiam), under this fugitive disentitlement doctrine, "a criminal defendant forfeits his right to appeal once he removes himself from the court's power and process by escaping custody and remaining at large during the pendency of his appeal." *Barnett v. Young Men's Christian Ass'n, Inc.*, 268 F.3d 614, 618 (8th Cir. 2001) (citations omitted). "Disentitlement serves two purposes: '[it] punishes those who evade the reach of the law and thus discourages recourse to flight' and it avoids making judgments that could not be enforced should the government prevail." *Hassan v. Gonzalez*, 484 F.3d 513, 516 (8th Cir. 2007) (citation omitted).

Diaz forfeited his right to have his appeal heard. Although we find clear support from our sister circuits suggesting we may dismiss *sua sponte*, *see Williamson v. Recovery Ltd.*, 731 F.3d 608, 628 n.6 (6th Cir. 2013); *F.D.I.C. v. Pharaon*, 178 F.3d 1159, 1163 n.6 (11th Cir. 1999); *see also Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 130 n.7 (2d Cir. 2009), the Government has now asked for dismissal.

On the Government's request, this appeal will be dismissed thirty days from the date of the filing of this opinion unless Diaz submits himself to the jurisdiction of the United States District Court or is found and taken into custody by either state or federal officers.

The United States Attorney shall immediately report to the clerk if Diaz is taken into custody.  If Diaz is not in custody, the United States Attorney shall advise the court at the end of thirty days, and the clerk is directed to dismiss the appeal.

_____