[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11745

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY KEITH TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20471-MGC-1

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Anthony Taylor appeals his six-month sentence imposed following the revocation of his supervised release under 18 U.S.C. § 3583(g). The government argues that, because Taylor failed to self-surrender for service of his sentence and has yet to appear, this Court need not consider his appeal under the fugitive disentitlement doctrine. We agree, and we therefore dismiss the appeal.

## I.

Taylor pleaded guilty to one count of possession of a firearm by a convicted felon, and the district court sentenced him to 33 months in prison and three years of supervised release. Taylor completed his prison term and began serving his term of supervised release in June 2020.

In March 2022, Taylor's probation officer recommended that his supervised release be revoked based on, among other alleged violations, Taylor's use of marijuana as shown in several positive urine tests. At the revocation hearing, Taylor admitted to using marijuana. The district court revoked his supervised release and sentenced him to six months in prison—near the low end of the Guidelines range of 5–11 months.

Taylor appealed, arguing that his sentence is substantively unreasonable because the district court failed to consider and properly weigh the 18 U.S.C. § 3553(a) factors.

## II.

Under the fugitive disentitlement doctrine, an appellate court has discretion to dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). A "fugitive from justice" is a person who flees or conceals himself within the jurisdiction after having committed a crime therein. *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997). Further, "intent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities." *Id.* at 1184 (quotation and alteration omitted).

A defendant's fugitive status must have some connection "to the appellate process he seeks to utilize," such as when the defendant's fugitive status and appellate proceedings overlap. *Id.*; *Ortega-Rodriguez*, 507 U.S. at 249 (stating that such a connection exists "when a defendant is at large during the ongoing appellate process" (quotation omitted)). The rationale underlying the fugitive disentitlement doctrine is that a defendant who escapes from the restraints placed upon him pursuant to a criminal conviction has waived or abandoned his right to call upon the resources of the court. *See Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970); *Ortega-Rodriguez*, 507 U.S. at 240.

Here, Taylor's appeal is subject to dismissal under the fugitive disentitlement doctrine. Taylor is a fugitive from justice because he failed to self-surrender and has remained out of custody. His intent to flee is inferred from his failure to submit to the

authorities and self-surrender.  His fugitive status is connected to his appeal because his fugitive status and appellate proceedings overlapped, as he failed to self-surrender only days after filing his notice of appeal and has yet to appear.

## III.

For the foregoing reasons, we dismiss Taylor's appeal of his sentence on the revocation of supervised release.

**DISMISSED.**