[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13112

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANCILIO FEBE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00120-PGB-LHP-1

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Andrew C. Searle, appointed counsel for Francisco Febe in this direct criminal appeal, has filed a motion to withdraw on appeal, supported by a brief prepared under *Anders v. California*, 386 U.S. 738 (1967). However, Febe is a fugitive who failed to appear at his sentencing hearing and has remained out of custody during his appeal.

Under the fugitive disentitlement doctrine, an appellate court has discretion to dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). A "fugitive from justice" is a person who flees or conceals himself within the jurisdiction after having committed a crime therein. *United States v. Barnette*, 129 F.3d 1179, 1183 (11th Cir. 1997). Further, "intent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities." *Id.* at 1184 (quotation marks and alteration omitted). A defendant's fugitive status must have some connection "to the appellate process he seeks to utilize," such as when the defendant's fugitive status and appellate proceedings overlap. *Id.*; *Ortega-Rodriguez*, 507 U.S. at 249 (stating that such a connection exists "when a defendant is at large during 'the ongoing appellate process'"). The rationale underlying the fugitive disentitlement doctrine is that a defendant who escapes from the restraints placed upon him pursuant to a criminal conviction has waived or

abandoned his right to call upon the resources of the court. *See Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970); *Ortega-Rodriguez*, 507 U.S. at 240.

Here, Febe's appeal is subject to dismissal under the fugitive disentitlement doctrine because he failed to appear at his sentencing hearing, and he has remained out of custody and has not appeared during the pendency of this appeal. Accordingly, we dismiss this appeal under the fugitive disentitlement doctrine and deny Searle's motion to withdraw as moot.

**DISMISSED; MOTION DENIED AS MOOT.**